## 59950. ROMAN v. THE STATE.

SHULMAN, Judge.
Defendant was convicted of violating Code Ann. § 26-2020, enticing a child for indecent purposes. We affirm.

1. Defendant asserts that the trial court committed error by instructing the jury to enter its verdict on a form which read "We, the jury, find the defendant — guilty," complaining that the form was impermissibly suggestive of guilt. This issue is controlled adversely to appellant's contentions by *Chance v. State* 154 Ga. App. 543 (1980), citing *Jackson v. State,* 237 Ga. 663 (229 SE2d 345), and overruling *Perkins v. State,* 151 Ga. App. 199 (3) (259 SE2d 193).

2. Nor do we find merit in appellant's contentions of error that the trial court's charge on circumstantial evidence was impermissibly burden shifting.

The court instructed the jury in pertinent part as follows: "Circumstantial evidence alone will not justify a finding of guilty unless the circumstances are entirely consistent with the defendant's guilt and wholly inconsistent with any reasonable theory of the defendant's innocence and are so convincing as to exclude a reasonable doubt of the defendant's guilt."

The court's instruction consisted of a restatement of Code Ann. § 38-109 and, as such, did not constitute error. See *Burnett v. State,* 240 Ga. 681 (7) (242 SE2d 79).

3. Defendant asserts error in the following court instructions to the jury: "If after giving consideration to all of the facts and circumstances of the case your minds are wavering, unsettled and unsatisfied, then that is the doubt of the law, and you should acquit." Defendant submits that the word "and" in the above charge required the jury to be wavering, unsettled *and* unsatisfied before acquitting, when any one of these three states of mind could constitute "reasonable doubt."

Since the words the court used to describe "reasonable doubt"; that is, wavering, unsettled and unsatisfied, were used as synonyms to describe the particular belief or feeling of doubt which is the "doubt of the law" and not three required separate states of mind, we cannot agree with appellant's contentions of error in this regard. See generally Code Ann. § 38-110.

4. Appellant asserts error on the general grounds. In view of the victim's testimony that defendant invited her into his home where he kissed her and asked her to pull down her pants, we conclude that a rational trier of fact could reasonably have found defendant guilty beyond a reasonable doubt of the offense charged. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Butler v. State,* 132 Ga. App. 750 (209 SE2d 28).

5. Contrary to appellant's contention, venue in Douglas County was properly established.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

ARGUED MAY 13, 1980 — DECIDED
JULY 15, 1980.

*William L. Martin, III,* for appellant.
*William A. Foster, III, District Attorney, Barbara V. Tinsley,
Assistant District Attorney,* for appellee.