## 72659. PRICE v. THE STATE.
(348 SE2d 740)

CARLEY, Judge.

Appellant was tried before a jury and found guilty of burglary. The trial court granted appellant permission to file the instant out-of-time appeal from the judgment of conviction and sentence entered on the jury's verdict.

1. Appellant enumerates the general grounds. After a careful review of the entire record, we find that a rational trior of fact could reasonably have found from the evidence adduced at trial proof of the guilt of appellant beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant enumerates as error an alleged deficiency in the trial court's charge on circumstantial evidence. In a burglary prosecution where the only evidence tending to connect the accused with the alleged offense is his unsatisfactorily explained possession of recently stolen goods, it is error for the trial court to fail to give, with or without request, a charge on the principle contained in OCGA § 24-4-6. See generally *Turner v. State,* 40 Ga. App. 662 (151 SE 120) (1929). However, the trial court need not track the exact language of the statute in order to satisfy the requirement that the jury be instructed on the principle of the sufficiency of circumstantial evidence to warrant a conviction. See generally *Sellers v. State,* 36 Ga. App. 653 (137 SE 912) (1927). In the instant case, the trial court charged the jury that "when the facts in evidence and all reasonable deductions therefrom present two theories, one of guilt and the other consistent with innocence, justice and humanity of the law compel the acceptance of the theory that is consistent with innocence." Thus, this instruction was at least as beneficial to appellant, if not more so, than a charge in the exact language of OCGA § 24-4-6. See *Booker v. State,* 156 Ga. App. 40, 42 (4) (274 SE2d 84) (1980), rev'd on other grounds 247 Ga. 74 (274 SE2d 334) (1981). Under these circumstances and considering the jury instructions as a whole, we find no error.

3. Asserting that there was no direct evidence which identified him as the perpetrator of the burglary, appellant enumerates as error the giving of jury instructions applicable to the issue of identification. Obviously, in this, as in any criminal case, proof that it was the defendant on trial who committed the alleged crime is essential. See generally *Jester v. State,* 193 Ga. 202, 208 (1) (17 SE2d 736) (1941). While the only eyewitness to the actual burglary could not give a positive identification, he did give a general description of the individuals he had seen fleeing the scene of the crime. There is no contention that appellant would not match one of the descriptions. This testimony, coupled with the other circumstantial evidence, clearly authorized a jury to find that appellant was one of the perpetrators of the bur-

glary. There is no requirement that a criminal conviction be based upon direct evidence in the form of a positive identification given by a single witness. See *Jester v. State*, supra at 208 (1). It was not error for the trial court's charge to include instructions regarding identification.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 4, 1986.

*Michael H. Lane*, for appellant.
*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, Assistant District Attorney*, for appellee.