## 75478. COOK v. THE STATE.
### (364 SE2d 912)

BIRDSONG, Chief Judge.

Appellant Gordon W. Cook was convicted of burglary and of a charge of driving while intoxicated. As a recidivist, he was sentenced to serve 20 years for burglary, and 12 months concurrent for DUI.

The conviction for burglary was founded upon evidence that appellant was several times seen driving by the victim's house about the time of the burglary and stopped to speak to several young men nearby. After visiting awhile with these persons and smoking a "joint" of marijuana, he left; a short time later one of the young men went to the victim's house to rouse his friend (the victim's son) and discovered the burglary. Forced entry had been attempted at five windows of the house and a latch was broken off a frame. Within two hours of the discovery of the break-in, appellant's car, with him and another person in it, was stopped in LaFayette for suspected DUI, and a search of the car uncovered several items later identified as taken from the burglary victim's house, including a knife. Appellant denied having seen this property before, with the exception of the knife, the possession of which he attempted to explain innocently. Evidence was allowed at trial of 11 prior burglary guilty pleas of the appellant within a few miles of the location of this burglary and which were perpetrated in a similar fashion, i.e., through a window or door, including one burglary of this same victim when he lived elsewhere.

Cook enumerates three errors below. *Held*:

1. Appellant contends the trial court erred in failing, upon request, to charge the jury that a conviction may be had upon circumstantial evidence only if the proved facts are consistent with the hypothesis of guilt, *and* exclude every reasonable hypothesis save that of the guilt of the accused. OCGA § 24-4-6. That the evidence in this case is all circumstantial, there is no doubt. The evidence of similar crimes points to appellant as having committed this one, as does his possession of stolen property, and his having been in the vicinity of the burgled house. The proof of theft by proof of recent, unexplained possession of stolen property is inference only, however strong the inference may be. OCGA § 24-1-1 (4); *Bankston v. State*, 251 Ga. 730 (309 SE2d 369). It is circumstantial evidence. *Campbell v. State*, 129 Ga. App. 836, 837 (201 SE2d 666).

In *Price v. State*, 180 Ga. App. 215 (2) (348 SE2d 740), we held: "In a burglary prosecution where the only evidence tending to connect the accused with the alleged offense is his unsatisfactorily explained possession of recently stolen goods, it is error for the trial court to fail to give, with or without request, a charge on the principle contained in OCGA § 24-4-6. See generally *Turner v. State*, 40 Ga. App. 662 (151 SE 120)." In *Price*, the failure to give, in the exact

language of OCGA § 24-4-6, the charge as to when circumstantial evidence will authorize conviction, was not reversible error because the trial court charged the jury the equally or more beneficial principle as to acceptance of a reasonably deduced theory of innocence. See also *Booker v. State*, 156 Ga. App. 40, 42 (4) (274 SE2d 84), rev'd on other grounds 247 Ga. 74 (274 SE2d 334).

We have carefully studied the jury charge in this case in light of *Price*, supra, and *Booker*, supra, and we find no comparable charge that would meliorate the refusal to advise this jury that it could convict appellant upon circumstantial evidence only if the crime is proved beyond a reasonable doubt *and to the exclusion of every other reasonable hypothesis*. While the trial court charged repeatedly upon the presumption of innocence, it nevertheless advised the jury this protective "cloak" was removed by evidence sufficient to convince the jury *beyond a reasonable doubt* as to the guilt of the accused. This was not enough. While the due process test of sufficiency of the evidence under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) is proof "beyond a reasonable doubt," insofar as the appellate standard of review is concerned, the jury must be charged that it cannot convict on circumstantial evidence unless it excludes every other reasonable hypothesis. This is pursuant to statutory law in Georgia. A charge in the exact language of OCGA § 24-4-6 is not required, but there is nothing in this charge that warns the jury of the special limitations of circumstantial evidence. We are compelled to say this jury charge was deficient.

The State contends this case was not merely a case of circumstantial evidence, but that direct evidence was given that witnesses in the vicinity saw a car they recognized as appellant's with three people in it, saw it pass by again with one person in it, and then return with the appellant getting out and producing a marijuana "joint" which he shared with the witnesses. While the group smoked the marijuana, the victim's house was out of the group's line of sight. After about 15 minutes, appellant drove off, making a "U" turn and again passing the victim's residence. A short time later, one of the witnesses discovered the burglary. The State contended appellant thus had created a diversion and *suggests* on appeal (and, apparently below) that it was during this diversion that the burglary was committed, obviously, by Hammock who was with appellant when appellant's car was stopped two hours later. It is difficult to say this evidence is direct evidence that appellant was a party to the burglary; however strongly it suggests the fact, particularly when put with the other circumstantial evidence, nevertheless it does not immediately point to the conclusion that appellant committed the burglary. It only "tends to establish the issue by proof of various facts, sustaining by their consistency the hypothesis claimed." This is the statutory definition of circumstantial

evidence at OCGA § 24-1-1 (4). Since all of the evidence against appellant is circumstantial, the trial court was obliged to charge the jury what it must find before reaching a verdict.

We cannot find this failure to charge the statutory standard of proof was harmless beyond a reasonable doubt. There was no direct proof the appellant entered this house. The inference that he did was drawn upon his proximity, his past conduct and character, and the presence in his car of some of the stolen property and his physical possession of the victim's knife. He attempted to explain his possession of the knife by saying that a companion defendant, Thurmond Hammock, gave him the knife; and that Hammock said he had "some stuff he wanted to show me when he got home, where I was going." Evidently appellant meant to show this other "stuff" Hammock had was stolen property which he, the appellant, did not possess, for he said he did not know it was in the car. The truth or reasonableness of these representations is not for us to decide (see *Harris v. State*, 236 Ga. 242 (223 SE2d 643); *Gee v. State*, 146 Ga. App. 528 (246 SE2d 720); *Townsend v. State*, 127 Ga. App. 797, 799 (195 SE2d 474)); but suffice it to say the jury might have believed appellant's possession of these goods was not "unexplained" recent possession, in which case the evidence would not even have carried the inference that appellant committed the burglary. Cf. *Gilder v. State*, 52 Ga. App. 252 (183 SE 95). The verdict weakens proportionate to the jury's ignorance of the requirement of OCGA § 24-4-6. As the evidence against appellant was not overwhelming, we cannot say the error was harmless. See *Hamilton v. State*, 239 Ga. 72, 77 (235 SE2d 515); *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869). As a general rule, it would be difficult to assess on appeal the amount of circumstantial evidence that would be so overwhelming as to render harmless the failure to charge the jury it could not convict unless it found him guilty to the exclusion of every other reasonable hypothesis.

2. The trial court did not err in admitting evidence of the similar crimes committed by the appellant. Identity and sufficient similarity of the crimes were shown; the evidence is relevant to prove motive, plan, scheme, modus operandi, bent of mind and conduct. *Ellenburg v. State*, 239 Ga. 309, 311 (236 SE2d 650); *Harper v. State*, 180 Ga. App. 20 (348 SE2d 318); *Munn v. State*, 179 Ga. App. 357 (346 SE2d 128).

3. Appellant contends the trial court erred in refusing to grant a continuance when it appeared the companion defendant Hammock could not be found when the appellant called him as a witness. The trial court did grant a recess for several hours to allow appellant to locate the witness. Upon inquiry of the court, appellant's counsel stated that neither he nor anyone else knew what Hammock would have said or testified to. Hammock's own attorney was called to state

what Hammock would testify to and revealed that he and Hammock intended that if Hammock were called to the stand, he would invoke his constitutional privilege against self-incrimination. We are inclined to believe therefore that appellant could not state the facts expected to be proved by this witness, or if he could, they could not be expected to be proved. See OCGA § 17-8-25 as to the requirements for a grant of continuance. Therefore the trial court did not commit manifest injustice to the appellant and did not abuse its discretion in denying a continuance of the trial until Hammock could be produced to testify. See *Alderman v. State*, 241 Ga. 496, 502-503 (246 SE2d 642). In any case, the point is moot, in view of the reversal of the judgment for the reason stated in Division 1.

*Judgment reversed. Deen, P. J., and Pope, J., concur.*

DECIDED JANUARY 19, 1988.

*Hubert E. Hamilton III*, for appellant.
*David L. Lomenick, Jr., District Attorney, David J. Dunn, Jr., Assistant District Attorney*, for appellee.