A93A0755. McCHARGUE v. THE STATE.
(434 SE2d 153)

COOPER, Judge.
Appellant was convicted by a jury of theft by taking and appeals from the judgment entered on the verdict.

The evidence reflects that on June 24, 1992, the victim went to his boat shed to get his lawn mower and discovered that several of his fishing rods and reels were missing from his rod box. The victim reported the stolen items to the police and a report was filed. Within the next couple of days, the victim drove to a local pawn shop where he found the missing rods and reels. The owner of the pawn shop told the victim that appellant had brought the items in and received money for them. A witness for the State testified that he knew appellant as the brother of a friend of his. The witness stated that on June 24, he saw appellant walking along the side of the road and offered

him a ride. Appellant had some fishing rods with him and told the witness that he wanted to go to a pawn shop. The witness took appellant to the pawn shop, and appellant took the fishing equipment inside and came out with money. Appellant testified at trial that he found the fishing rods by the side of the road and took them to a pawn shop because he needed the money.

Appellant contends that the trial court erred in not charging the jury in accordance with OCGA § 24-4-6 that "[t]o warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." We have held that "[a] trial judge, even in the absence of a request, must charge the jury on the law set forth in [OCGA § 24-4-6] in those cases, which are wholly dependent on circumstantial evidence, [cit.]. . . ." *Henderson v. State*, 200 Ga. App. 200, 201 (2) (407 SE2d 448) (1991). Furthermore, the Supreme Court of Georgia has held that a charge on the law of circumstantial evidence must be given if requested where the State's case depends in whole or in part on circumstantial evidence. See *Robinson v. State*, 261 Ga. 698, 699 (410 SE2d 116) (1991). The State's evidence of appellant's guilt was wholly circumstantial. The trial court's charge as relates to circumstantial evidence was as follows: "Evidence may also be used to prove a fact by inference. This is referred to as circumstantial evidence. Circumstantial evidence is the proof of facts or circumstances from direct evidence from which you may infer other related or connected facts which are reasonable and justified in the light of your experience."

The record also reflects that at a later point in the charge, the trial court charged the jury that if they should find that the crime of theft by taking had been committed, and if the defendant were found in recent possession of the stolen property, that would be a circumstance along with all the other evidence from which the jury could infer guilt "unless there should be from the evidence a reasonable explanation of the possession of such property consistent with a plea of innocence which is a question solely for you, the jury, to determine." We cannot conclude, as does the dissent, that the charge given by the trial court was a sufficient restatement of OCGA § 24-4-6. Nor can we conclude, as the State urges, that there was only one reasonable explanation for appellant's possession of the fishing rods inasmuch as appellant testified that he found the fishing rods by the side of the road. The jury was not adequately instructed that the State's circumstantial evidence of guilt should "exclude every other reasonable hypothesis save that of the guilt of the accused." Consequently, we hold that the trial judge's failure to charge OCGA § 24-4-6 is reversible error and appellant is entitled to a new trial.

In light of our reversal, it is unnecessary to address appellant's

remaining enumerations of error.

*Judgment reversed. McMurray, P. J., Birdsong, P. J., Andrews and Smith, JJ., concur. Pope, C. J., and Blackburn, J., concur specially. Beasley, P. J., dissents. Johnson, J., not participating.*

BLACKBURN, Judge, concurring specially.

I agree with the majority opinion that the trial court's jury charge on the law of circumstantial evidence was insufficient. Where the state depends entirely upon circumstantial evidence to prove the defendant's guilt, the jury must be informed on the quantum of evidence which will authorize a conviction. The trial court's jury charge failed to do so in this case.

1. The general law regarding circumstantial evidence is codified at OCGA § 24-4-6, which provides that *"[t]o warrant a conviction on circumstantial evidence,* the proved facts shall not only be consistent with the hypothesis of guilt, but *shall exclude every other reasonable hypothesis save that of the guilt of the accused."* (Emphasis supplied.) This statute represents a codification of the rule requiring a charge on circumstantial evidence where the state's case depends *entirely* upon circumstantial evidence, derived from *Martin v. State*, 38 Ga. 293 (1868); *Carter v. State*, 46 Ga. 637 (1872); and *Simmons v. State*, 85 Ga. 224 (11 SE 555) (1890), which were such cases.

2. If the evidence of the defendant's guilt had been a mixture of direct and circumstantial evidence, a different rule would have applied. Based upon the three cases from which OCGA § 24-4-6 and its predecessor statutes were derived, it was originally intended to apply only to those cases that were based *entirely upon circumstantial evidence*. Subject to certain exceptions, subsequent cases held that the general rule is that unless the evidence relied upon for the conviction is entirely circumstantial, a jury charge under OCGA § 24-4-6 is not required. "Where . . . there is some direct evidence against the defendant, it is not error to fail to charge on circumstantial evidence." *Terrell v. State*, 258 Ga. 722, 724 (373 SE2d 751) (1988).

However, this court has held that "if the only direct evidence comes from a witness who has been impeached, it is reversible error to fail to charge on circumstantial evidence *upon request."* (Emphasis supplied.) *Whittington v. State*, 252 Ga. 168, 176 (313 SE2d 73) (1984); *Horne v. State*, 93 Ga. App. 345 (4) (91 SE2d 824) (1956). The theory underlying this rule was that where both direct and circumstantial evidence of the defendant's guilt are admitted, and the jury is authorized to find that all the direct evidence in the form of witness testimony has been impeached, the jury is left to determine the guilt or innocence of the defendant based solely on the circumstantial evidence, and therefore must have some guidance on the quantum of circumstantial evidence which will authorize a conviction. See *Green*

*v. State*, 167 Ga. App. 548 (306 SE2d 354) (1983).

In *Robinson v. State*, 261 Ga. 698 (410 SE2d 116) (1991), the Supreme Court found it impossible to determine whether the jury found the state's witnesses had not been impeached and thus based its verdict on the direct evidence, or whether the jury found that the state's witnesses *had* been impeached and thus based its verdict on circumstantial evidence (giving rise to a need for a jury charge on circumstantial evidence). To avoid such problems in the future, the Supreme Court devised the following rule: "[W]here the state's case depends, in whole or in part, on circumstantial evidence, a charge on the law of circumstantial evidence must be given *on request.* This rule will apply whether or not the jury is authorized to find that the direct evidence presented by witness testimony has been impeached." (Emphasis supplied.) Id. at 699-700.

The questions which must be answered in applying *Robinson*, are: *what* is the meaning of the word "depends" as used therein, and what charge on circumstantial evidence must be given, where a charge is required? It is only where the state's case "depends" upon circumstantial evidence that such a jury charge becomes necessary. The State's case "depends" upon circumstantial evidence *only where such evidence is necessary to prove one of the essential elements of the offense* for which the defendant is on trial. See *Rash v. State*, 207 Ga. App. 585 (5) (428 SE2d 799) (1993).

*Robinson* by no means requires a jury charge on the law of circumstantial evidence in every case in which some circumstantial evidence is adduced. See, e.g., *Berry v. State*, 262 Ga. 614 (422 SE2d 861) (1992), wherein the Supreme Court, citing *Robinson*, found no error in the trial court's refusal to give a requested jury charge on circumstantial evidence that was not properly adjusted to the evidence in the case.

If the state depends upon a mixture of direct and circumstantial evidence to prove essential elements of the offense, no charge on circumstantial evidence is required absent *a proper request to charge the law on circumstantial evidence adjusted to the facts of the case.* There is no independent duty on the court to create and give a proper charge on circumstantial evidence, adjusted to the evidence of the case. It is only where the state relies wholly on circumstantial evidence that a charge on circumstantial evidence must be given *without request. Gentry v. State*, 208 Ga. 370 (66 SE2d 913) (1951); *Campbell v. State*, 202 Ga. 705 (44 SE2d 903) (1947). This rule has not been changed by *Robinson.*

Inasmuch as OCGA § 24-4-6, as written, applies only to cases in which the state depends entirely upon circumstantial evidence, where the state's case against a defendant involves a mixture of direct and circumstantial evidence, it is not error for the court to refuse to

charge said Code section. Indeed, to do so would mislead the jury, as OCGA § 24-4-6 provides, in part, "[t]o warrant *a conviction on circumstantial evidence. . . .*" (Emphasis supplied.) "If any portion of a requested charge is inapt, incorrect, misleading, confusing, not adequately adjusted or tailored, or not reasonably raised or authorized by the evidence, denial of the charge request is proper." *Harris v. State,* 202 Ga. App. 618, 621 (414 SE2d 919) (1992); *Hill v. State,* 259 Ga. 557 (3b) (385 SE2d 404) (1989).

In summary, the rule regarding a jury charge on circumstantial evidence set forth in *Robinson v. State,* supra, applies only where the state relies upon such evidence to prove one of the essential elements of the offense for which the defendant is on trial. The current status of the law concerning charging the jury on circumstantial evidence can be stated as follows:

(a) Where the state *relies wholly* on circumstantial evidence to prove its case a charge on circumstantial evidence as provided by OCGA § 24-4-6 is required, *without request* from the defendant; (b) Where the state *relies on* a mixture of *direct and circumstantial evidence* to prove essential elements of the charged offense, a proper charge on circumstantial evidence adjusted to the fact of there being mixed direct and circumstantial evidence is required, *upon proper request,* without regard to whether or not the state's witnesses may have been impeached.

In the instant case, it is undisputed that the evidence relied upon by the state to prove the defendant's guilt was entirely circumstantial. Accordingly, a jury charge covering the principle contained in OCGA § 24-4-6 was required, so that the jury could determine whether the evidence authorized the defendant's conviction. As noted by the majority opinion, one critical aspect of the law on circumstantial evidence is the requirement that the proved facts must exclude every other reasonable hypothesis save that of the defendant's guilt. The trial court's instruction that the jury could infer the defendant's guilt from the circumstantial evidence "unless there should be from the evidence a reasonable explanation of the possession of such property consistent with a plea of innocence" did not adequately communicate that principle.

Viewed in the light most favorable to uphold the verdict, the evidence was sufficient to authorize a rational trier of fact to find the defendant guilty of theft by taking beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). However, the trial court's failure to give an adequate charge on the law of circumstantial evidence requires a new trial.

I am authorized to state that Chief Judge Pope joins in this special concurrence.

BEASLEY, Presiding Judge, dissenting.

1. Appellant contends that the court did not sufficiently charge the jury on circumstantial evidence with respect to the principle in OCGA § 24-4-6 because it did not charge "that the jury could convict [him] upon circumstantial evidence only if the crime is proved beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis."

Appellant submitted requests to charge but did not request the language of OCGA § 24-4-6 or the principle embodied therein. He expressly reserved objections after the charge was given. The jury asked for an explanation of circumstantial evidence and the court obtained defendant's approval before recharging them on direct and circumstantial evidence. The court repeated its earlier charge: "Evidence may be either direct, or circumstantial, or both. Direct evidence is the testimony given by a witness who has seen or heard the facts to which the witness testified. It includes exhibits admitted into evidence during the trial. It is that evidence which points immediately to the question at issue. Evidence may also be used to prove a fact by inference. This is referred to as circumstantial evidence. Circumstantial evidence is the proof of facts or circumstances by direct evidence from which you may infer other related or connected facts which are reasonable and just in the light of your experience." No further clarification was requested by the jury or by defendant.

During the charge, the court had among other things also instructed on the presumption of innocence, its steadfastness unless overcome beyond a reasonable doubt, the State's burden of proof beyond a reasonable doubt, alibi as a counter to the element of presence, and that guilt could be inferred, if the jury saw fit, from recent possession "unless there should be from the evidence a reasonable explanation of the possession of such property consistent with a plea of innocence, which is a question solely for you, the jury, to determine."

The State's witness McWilliams testified that as he was approaching the house of defendant's brother in his truck near noon, he came upon defendant walking away from the house. Defendant had with him some fishing equipment and asked to be taken to a pawn shop in a town which was about 15 miles away. They drove first to the brother's house, and then the three proceeded to the pawn shop. The defendant went in with the rods and reels and other articles and emerged with money. The pawn shop keeper testified that he bought the equipment, identified by the victim, from defendant that same day and that defendant said he had gone fishing but now needed money.

Defendant and his brother testified that McWilliams and defendant had been at defendant's brother's home early in the morning and had left to go to the store for beer. On the way defendant spotted

some fishing equipment by the side of the road and had McWilliams stop for it. They took it back to the brother's house and subsequently went to the pawn shop, where defendant sold it. Defendant had no idea it was stolen, did not know who it belonged to, and thought it had blown off a truck. He made no effort to find the owner and did not notify "lost and found" at the sheriff's office.

All of the evidence of guilt was circumstantial. Although there was direct evidence that defendant was in possession of the fishing equipment, that he sold it, and that it was missing from the victim's yard, none of this is direct evidence that defendant took it or did so with the intention of depriving the owner of it. These are the elements of the crime as charged in the indictment and by the court's charge.[1] OCGA § 16-8-2. (Of course, value is an element as related to punishment. OCGA § 16-8-12.) The evidence of guilt being entirely circumstantial, the court was required to give a proper charge on this subject, even without request. *Gentry v. State,* 208 Ga. 370 (2) (66 SE2d 913) (1951); *Campbell v. State,* 202 Ga. 705 (44 SE2d 903) (1947). The question is, was the charge proper?

A charge need not be given in the exact language requested, so long as the court correctly charges on the subject matter of the request. *Burnett v. State,* 240 Ga. 681, 687 (7) (242 SE2d 79) (1978). The same must hold true for charges which the court is required by law to give. In *Burnett* the language requested was not set out, but the Supreme Court found no error when the trial court charged instead: " 'Circumstantial evidence alone will not justify a finding of guilty unless the circumstances are entirely consistent with defendant's guilt, wholly inconsistent with any reasonable theory of defendant's innocence and are so convincing as to exclude a reasonable doubt of defendant's guilt.' " This charge contains in other words the principle encompassed in OCGA § 24-4-6.

In *Cook v. State,* 185 Ga. App. 585 (1) (364 SE2d 912) (1988), the trial court did not give the requested OCGA § 24-4-6 or any other charge to the effect that the jury could not convict on circumstantial evidence unless "it" (the evidence) excludes every other reasonable hypothesis. The court recognized that the exact language of the Code section was not required but concluded that "there is nothing in this

---

[1] The crime is also committed when one, "being in lawful possession thereof, unlawfully *appropriates*" property of another, regardless of the manner in which it is appropriated. OCGA § 16-8-2. (Emphasis supplied.) It could be argued that defendant's version constituted unlawful appropriation because he made no effort to find or return the seven rods and reels to the owner but immediately sold them, despite his professed belief that they had fallen off a passing vehicle and thus were not abandoned. The State did not travel on the theory of unlawful appropriation. Nor was this intended as an alternative theory in the indictment or in the court's instructions to the jury. If it had been, there was direct evidence of it, i.e., defendant's own testimony.

charge that warns the jury of the special limitations of circumstantial evidence." Id. at 586. Charges on presumption of innocence and proof beyond a reasonable doubt were not enough.

The same question had arisen in *Price v. State*, 180 Ga. App. 215 (2) (348 SE2d 740) (1986), but the following charge was held sufficient, considering the jury instructions as a whole, and even more beneficial than a charge in the exact language of OCGA § 24-4-6: "[W]hen the facts in evidence and all reasonable deductions therefrom present two theories, one of guilt and the other consistent with innocence, justice and humanity of the law compel the acceptance of the theory that is consistent with innocence." This two-theories charge has been criticized as going too far in defendant's favor, beyond the concept embodied in OCGA § 24-4-6. See, e.g., *Booker v. State*, 156 Ga. App. 40, 42 (4) (274 SE2d 84) (1980), rev'd on other grounds 247 Ga. 74 (274 SE2d 334) (1981).

In *Roman v. State*, 155 Ga. App. 355, 356 (2) (271 SE2d 21) (1980), the court held that the trial court's charge on circumstantial evidence was not burden-shifting. The charge in pertinent part was: " 'Circumstantial evidence alone will not justify a finding of guilty unless the circumstances are entirely consistent with the defendant's guilt and wholly inconsistent with any reasonable theory of the defendant's innocence and are so convincing as to exclude a reasonable doubt of the defendant's guilt.' " Id. at 356. The court referred to this charge as a "restatement of [OCGA § 24-4-6]."

The instructions to the jury were sufficient to advise it of the principle articulated in OCGA § 24-4-6. The court made clear that there were two types of evidence, defined both, and warned of the limitation on finding guilt upon circumstantial evidence. It stated the caveat, the caution to prevent misinterpretation of the circumstantial evidence. The jury was instructed that it could not convict unless it excluded any "reasonable explanation" which was created.

The court's instructions were tailored to the evidence. Defendant presented an explanation, that he found these seven reels and seven rods scattered out by the side of the road at a corner and had no intent to deprive the owner of them, whoever that was. " 'Where the defendant offers an explanation of circumstantial facts or an alternative hypothesis of events, the reasonableness of that explanation is for the jury.' " *Singleton v. State*, 194 Ga. App. 5, 6 (389 SE2d 496) (1989). The jury was instructed to test this theory of innocence and that if the jury found it to be reasonable, it would block the theory of guilt, which had to be proved beyond a reasonable doubt. As is required, "the charge given substantially and adequately covered the principle[ ]" to be followed. *Wright v. State*, 199 Ga. App. 718, 721 (3) (405 SE2d 757) (1991). The trial court should not be faulted for rewording the principle so as to avoid use of the word "hypothesis,"

which the average jury may have difficulty comprehending and applying.

Looking at the charges in light of the evidence, the two competing theories, and the entire charge, *Williams v. State*, 249 Ga. 822 (3) (295 SE2d 293) (1982), a new trial is not required.

2. The majority concludes that in light of its holding that the charge was erroneous, the remaining enumerations need not be addressed. The assumption is that a new trial is mandated. However, four of them relate to the sufficiency of the evidence. No new trial would be authorized if the evidence addressed at the first trial would not support a conviction, under the Double Jeopardy Clause of the Fifth Amendment. *Glisson v. State*, 192 Ga. App. 409, 410 (385 SE2d 4) (1989).

DECIDED JULY 16, 1993.

*John G. Walrath*, for appellant.
*Peter J. Skandalakis*, District Attorney, *Lisa R. Roberts*, Assistant District Attorney, for appellee.