### A97A1298. MARTIN v. THE STATE.
(491 SE2d 142)

BIRDSONG, Presiding Judge.

Appellant Charles Martin appeals his conviction of burglary. He enumerates four errors. *Held*:

1. Appellant asserts insufficiency of the evidence and that the trial court erred in denying his motion for directed verdict of acquittal. We disagree.

King was the live-in boyfriend of the victim, Walls. Pursuant to a telephone call from Walls, King, accompanied by his cousin, the appellant, went to the victim's place of work where she gave him $2,600 or $2,700 of her "income tax" money. King, again accompanied by appellant, went to the home he shared with Walls. King entered their bedroom, closed the door, counted the money and stuffed the money into the pocket of a shirt hanging in the closet. There was a total of approximately $6,500 in the shirt pocket after the income tax money was added to the existing stash of cash. The $6,500 was wrapped in two stacks of $3,900 and $2,600, respectively; each stack was wrapped in a rubber band. The combined money cache would make a stack of bills approximately four inches high. Appellant was not in the bedroom when the money was hidden. Appellant and King left the victim's home, and appellant asked King to drop him off at Hickory Lane. About five hours later, King was driving toward "the club," when he saw the appellant walking down the street; he honked at the appellant, but appellant pulled his hat over his face like he was trying to hide; King did not think much about it at the time. About ten minutes after arriving at the club, King received a call from Walls who reported that someone had broken into their house. King immediately suspected the appellant as he was the only person who knew the money was there. He drove to the place where he had left appellant, but appellant was not there. He then went to his and Walls' home where it was ascertained that a forced entry had been made through the bedroom window. After discovering that the money

in the shirt was missing, Walls called the police on the advice of King. Appellant admits in his brief that he was arrested two days after the incident. At the time of his arrest, appellant was in possession of a "whole wad" of money. He uttered a spontaneous, voluntary question to his interrogating officer asking where the money was which was seized from him at the time of his arrest; when asked what money he was referring to, appellant replied, "the money that I won on the lottery." The investigations manager for the security department of the Georgia lottery testified that he had searched Georgia lottery records and found no record of any lottery payment to appellant. Payments could have been made by local retailers of prizes of $599 or less and there would be no record of these payments at the Georgia lottery; however, a check is issued for the payment of any prize above $19, and as to these transactions, there would exist a record showing to whom the check was written and the type of lottery game involved. He does not keep records of Florida lottery winnings. King testified that while appellant might play the lottery he had never seen him do so.

"[T]he proper test when sufficiency of the evidence is challenged by a motion for directed verdict of acquittal is the 'reasonable doubt' test of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560)." *Wilburn v. State*, 199 Ga. App. 667 (1) (405 SE2d 889). This same test applies when insufficiency of the evidence is asserted on direct appeal from the judgment of conviction or the denial of a motion for new trial. See generally *Humphrey v. State*, 252 Ga. 525, 526 (1) (314 SE2d 436).

On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737).

"Although the evidence of recent, unexplained or unsatisfactorily explained possession of stolen goods may be sufficient to give rise to an inference that the defendant committed the burglary, the sufficiency of the evidence to support the conviction must still be adjudged by the totality of the evidence under the reasonable-doubt standard applied in *Jackson v. Virginia*, [supra]. Once it is shown that goods were stolen in a burglary, absence of or unsatisfactory explanation of the possession of the goods will support a conviction for burglary based upon recent possession of the stolen goods. Whether a defendant's explanation of possession is satisfactory is a question for the jury; so is lack of explanation. What constitutes recent possession is in all cases a jury question, to be determined very largely from the character and nature of the stolen property."

(Citations, punctuation and emphasis omitted.) *Funderburk v. State*, 195 Ga. App. 441, 442 (2) (393 SE2d 727). In the case sub judice, as in *Funderburk*, the verdict reflects the jury's dissatisfaction with appellant's explanation.

To support the verdict, circumstantial evidence must exclude only reasonable hypotheses; it need not exclude every inference or hypothesis except that of the defendant's guilt. *Smith v. State*, 257 Ga. 381, 382 (359 SE2d 662). Under this rule, the State is not required to remove every possibility of innocence of the crime charged. *Ross v. State*, 214 Ga. App. 697, 698 (448 SE2d 769). Viewing the evidence of this case in a light most favorable to the verdict, we conclude that the jury rationally could have found that it excluded every reasonable hypothesis except that of the defendant's guilt as to the offense of which he was convicted; the jury was authorized by the totality of the evidence presented to exclude other possible hypotheses as unreasonable (id. at 699). Our review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the burglary offense of which convicted. *Jackson v. Virginia*, supra.

2. Appellant asserts that the charge on circumstantial evidence was rendered insufficient by subsequently giving a charge on recent possession of stolen property, which was not warranted by the evidence, without repeating the circumstantial evidence charge to the jury.

(a) There exists direct evidence that at the time of his arrest, which occurred approximately two days after the burglary, appellant (who was also shown by evidence of record to have knowledge of both the existence and relative location of the stolen funds) was found in possession of a big wad of money. There also exists some evidence from which it could reasonably be inferred that appellant was attempting to conceal himself from King within minutes of the discovery of the break-in of the premises. When there exists "any evidence, however slight, upon a particular point, it is not error for the court to charge the law in relation to that issue." (Citation and punctuation omitted.) *Stein Enterprises v. Chatham County*, 200 Ga. App. 385, 387 (4) (408 SE2d 173). Moreover, " ' "[t]o justify a charge on a given subject, it is not necessary there should be direct evidence going to that point; it is enough if there be something from which a legitimate process of reasoning can be carried on in respect to it." ' " (Citation omitted.) *Carter v. Central of Ga. R. Co.*, 149 Ga. App. 867 (256 SE2d 149). A charge on the recent possession of stolen property was warranted by the evidence.

(b) Appellant's reliance upon *McChargue v. State*, 209 Ga. App. 612 (434 SE2d 153) is misplaced; it is distinguishable from the case at bar. In *McChargue*, the trial court's circumstantial evidence

charge was as follows: " 'Evidence may also be used to prove a fact by inference. This is referred to as circumstantial evidence. Circumstantial evidence is the proof of facts or circumstances from direct evidence from which you may infer other related or connected facts which are reasonable and justified in the light of your experience.' " Id. at 613. A majority of this court in *McChargue* refused to conclude that the circumstantial evidence charge given was a sufficient restatement of OCGA § 24-4-6 and held that "[t]he jury was not adequately instructed that the State's circumstantial evidence of guilt should 'exclude every other reasonable hypothesis save that of the guilt of the accused.' " *McChargue*, supra at 613. In this case, the trial court charged inter alia: "Evidence may be either direct or circumstantial or both. . . . Evidence may . . . be used to prove a fact by inference. This is referred to as circumstantial evidence. Circumstantial evidence is the proof of facts or circumstances, by direct evidence, from which you may infer other related or connected facts which are reasonable and justified in the light of your experience. To warrant a conviction on circumstantial evidence alone, the proven facts must not only be consistent with the theory of guilt, *but must exclude every other reasonable theory other than the guilt of the accused.* The comparative weight of circumstantial evidence and direct evidence, on any given issue, is a question of fact for you to decide. Facts and circumstances, which merely place upon the defendant a grave suspicion of the crime charged, or which merely [raise] a speculation or conjecture of the defendant's guilt, are not sufficient to authorize a conviction of the defendant." (Emphasis supplied.) " ' "It is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge contained error." ' " (Citation omitted.) *Hambrick v. State*, 256 Ga. 688, 690 (3) (353 SE2d 177). The jury clearly and accurately was charged as to the substantive content of OCGA § 24-4-6. Merely because the instruction as to recent possession of stolen property was given after the charge on circumstantial evidence does not raise a likelihood that the jury misunderstood or was confused as to the nature of the circumstantial evidence charge or otherwise denied any benefit arising therefrom. Cf. *Hall v. State*, 259 Ga. 243, 245 (4) (378 SE2d 860) (particular instruction not rendered nonsensical merely due to its placement within the charge to the jury), overruled on other grounds, *Heard v. State*, 261 Ga. 262, 263 (3) (403 SE2d 438). Moreover, the charge to the jury is not rendered inconsistent merely because the jury was charged both as to recent possession of stolen property and that facts and circumstances giving rise only to a grave suspicion, speculation or conjecture of guilt are not sufficient to sustain a conviction. Assuming arguendo that the charge may have been slightly inconsistent, which we do not find, when examined as a

whole there exists no reasonable likelihood that the jury was confused by or led to misconstrue the legal principles to which they were correctly charged. See *Minter v. State*, 266 Ga. 73, 75 (3) (463 SE2d 119). Although not dispositive of this issue, standing alone, we note that the record reflects the jury did not request a recharge as to any legal principle contained within the charge and did not request any form of clarification of the charges given. The record does not support appellant's enumeration of a charging error.

3. Appellant contends the trial court erred in sentencing appellant without having first scheduled a presentence hearing in accordance with OCGA § 17-10-2. OCGA § 17-10-2 (a) pertinently provides that "[e]xcept in cases in which the death penalty or life without parole may be imposed, upon the return of a verdict of 'guilty' by the jury in any felony case, the judge shall dismiss the jury and shall conduct a presentence hearing at which the only issue shall be the determination of punishment to be imposed." The record reveals that after the verdict was returned, the trial court dismissed the jury and then promptly announced sentence without giving appellant or his counsel any affirmative opportunity to present matters or argument in extenuation or mitigation. Although appellant's counsel did not object to the procedure and the appellant did not speak after the trial court pronounced sentence, there exists no valid waiver of the statutorily mandated presentence hearing provision. "Failure to follow the mandate of § 27-2503 [currently OCGA § 17-10-2] is neither harmless nor waived by failure to object to procedure." *Sprouse v. State*, 242 Ga. 831, 834 (5) (252 SE2d 173); *Jefferson v. State*, 205 Ga. App. 687 (2) (423 SE2d 425). Accordingly, the sentence must be vacated and the case remanded for a presentence hearing conducted in accordance with OCGA § 17-10-2 prior to the pronouncement of a new sentence.

*Judgment of conviction affirmed, sentence vacated, and case remanded with direction. Ruffin and Eldridge, JJ., concur.*

DECIDED AUGUST 8, 1997.

*David E. Slemons*, for appellant.

*Kenneth B. Hodges III, District Attorney, Max G. Factor, Assistant District Attorney*, for appellee.