297 Ga. 401
FINAL COPY

S15A0182.  SIMS v. THE STATE.

H{.sc}UNSTEIN{/.sc}, Justice.

Appellant James Revera Sims II was convicted of malice murder and related offenses in connection with the April 11, 2011 death of Cayden Allen, a nearly three-year-old child.  He appeals, asserting, inter alia, that the trial court erred in admitting a video recording made by police in appellant's apartment. For the reasons set forth below, we affirm.[1]

Viewed in the light most favorable to the jury's verdict, the evidence adduced at trial established as follows.  Cayden's mother left for work on the afternoon of April 8, 2011.  She left Cayden in the care of appellant, her boyfriend.  At 6:10 p.m., appellant called 911 and requested an ambulance.  A

---

[1] The grand jury indicted appellant on July 12, 2011, and charged him with malice murder, two counts of felony murder, aggravated battery, and two counts of cruelty to children in the first degree.  Trial commenced on September 24, 2012, and the jury returned its verdict three days later, finding appellant guilty on all counts. The trial court sentenced appellant on December 12, 2012, to life for malice murder and a consecutive term of ten years for one count of first degree cruelty to children. The remaining counts were merged and vacated.  See Malcolm v. State, 263 Ga. 369 (434 SE2d 479) (1993).  Appellant filed a motion for new trial on December 21, 2012.  The motion was amended on March 17, 2014, and denied on August 13, 2014. Appellant filed a notice of appeal on August 18, 2014.  The case was docketed in this Court to the January 2015 term and submitted for decision on the briefs.

police officer arrived at appellant's apartment ahead of emergency personnel. He found Cayden lying on his back on the living room couch and observed a lump on Cayden's forehead. Appellant was standing nearby. Cayden was unconscious; he never moved. His breathing was shallow and agonal. Appellant told the officer that Cayden had been playing in his room with his toys when he went to check on him; Cayden had soiled himself and indicated he wanted to go to the bathroom; as appellant began to take Cayden to the bathroom, Cayden stood up, fell down, struck the back of his head, and lost consciousness; he brought Cayden to the bathroom where he tried to rouse him with water to no avail; and he then placed Cayden on the couch and called emergency personnel.

Police Lieutenant Dunn and Detective Jones arrived at the apartment at 6:45 p.m. Lt. Dunn asked appellant if he would show the officers what happened to Cayden. Appellant responded affirmatively and invited the officers upstairs to Cayden's bedroom. Using his smartphone, Lt. Dunn made a video recording of appellant's account at that time. Appellant said that as he was taking Cayden to the bathroom, he took Cayden's hand; Cayden slipped out of his grip and fell backwards; and he saw Cayden lying on his back, choking.

2

Then, at Lt. Dunn's request, appellant demonstrated Cayden's position on the floor following his fall. Lt. Dunn observed that Cayden's bedroom floor was carpeted, padded, and covered, in part, by a play mat.

In the meantime, emergency personnel arrived on the scene and transported Cayden to the hospital. The emergency room physician determined that Cayden suffered severe brain injuries and was almost dead. He was put on a ventilator and airlifted to a pediatric trauma center within an hour. Cayden never regained consciousness and died on April 11, 2011.

A pediatrician at the trauma center observed multiple bruises to Cayden's head, torso, legs and genitalia. She opined that Cayden's brain injuries resulted from severe, multiple impacts to his head. The medical examiner reached the same conclusion — blunt force head trauma caused Cayden's death, not an accidental fall.

1. The evidence is sufficient to enable any rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979); see Loren v. State, 268 Ga. 792 (1) (493 SE2d 175) (1997).

2. Relying upon OCGA § 16-11-62 (2), which makes it unlawful for

"[a]ny person, through the use of any device, without the consent of all persons observed, to observe, photograph, or record the activities of another which occur in any private place and out of public view," appellant argues the trial court erred in refusing to grant his motion to suppress the video recording made by Lt. Dunn in appellant's apartment. Appellant asserts that before he began recording, Lt. Dunn did not obtain a warrant permitting the use of a surveillance device inside appellant's apartment. See OCGA § 16-11-64 (c). Even assuming arguendo that admitting the video recording was in error, it was harmless because it is highly probable that the recording did not contribute to the jury's verdict in light of the overwhelming evidence of guilt. See Thompson v. State, 283 Ga. 581 (2) (662 SE2d 124) (2008).[2] Moreover, the video recording was cumulative of the videotaped statement appellant gave at the police department, his own testimony at trial, and crime scene photographs depicting the victim's room. See Cane v. State, 285 Ga. 19 (2) (a) (673 SE2d 218) (2009) (improper admission of statement harmless when cumulative of other testimony presented

---

[2] We also note that the audio portion of the recording of appellant's account was admissible even if the video portion was not. See Fetty v. State, 268 Ga. 365 (3) (489 SE2d 813) (1997) (OCGA § 16-11-62 does not apply to audio recording of conversation by one who is a party to it); Durham v. State, 309 Ga. App. 444 (3) (710 SE2d 644) (2011).

to the jury).

3. Next, appellant contends that a statement he made at the police station should have been excluded because he was not informed of his Miranda[3] rights. We disagree. Miranda warnings are not required unless the accused is formally arrested or restrained to an extent associated with such an arrest. Leslie v. State, 292 Ga. 368 (4) (738 SE2d 42) (2013). Following a Jackson-Denno[4] hearing, the trial court concluded that appellant was not under arrest when appellant made his statement. The trial court's findings and conclusion are supported by the record: Lt. Dunn asked appellant to accompany him to the station house because it was not yet clear what had happened and he wanted to speak with appellant in a quieter setting. Lt. Dunn made it clear to appellant that he was not under arrest. Appellant agreed to go with the lieutenant. Because he was not licensed to drive, appellant rode in the front passenger seat of Lt. Dunn's unmarked car. He was not handcuffed or restrained in any way. At the station, Lt. Dunn led appellant to an interview room and sat him down. Appellant remained in the interview room with the door open for about twenty minutes.

_____

[3] Miranda v. Arizona, 384 U. S. 436 (86 SCt 1602, 16 LE2d 694) (1966).

[4] Jackson v. Denno, 378 U. S. 368 (84 SCt 1774, 12 LE2d 908) (1964).

He was by himself and unguarded until the interview commenced.

Applying an objective standard, a reasonable person in appellant's circumstances would not have believed he was deprived of his freedom of action in a meaningful way. Bell v. State, 280 Ga. 562 (2) (a) (629 SE2d 213) (2006); see Sosniak v. State, 287 Ga. 279 (1) (A) (1) (695 SE2d 604) (2010) (relevant inquiry is how a reasonable person in the accused's position would perceive his situation). It follows that appellant was not under arrest when he made his statement at the police station and he was not entitled to Miranda warnings. See also Leslie, 292 Ga. at 372 (police officer's undisclosed suspicions about suspect do not factor into determination as to whether suspect is in custody).

4. During the prosecution's re-direct examination of Lt. Dunn, the assistant district attorney handed the lieutenant a photograph of appellant's den and asked if he observed anything "suspicious." Lt. Dunn responded there was "a broken rifle butt that was on the floor." Appellant contends trial counsel rendered ineffective assistance by failing to object to this colloquy because it allowed the jury to infer the broken rifle was used to strike and kill Cayden. Trial counsel's failure to object was especially egregious, appellant argues, because the trial court had granted appellant's motion in limine to exclude

photographs of appellant's rifles — an AK-47 and a shotgun without its stock — on the ground that they were prejudicial. But see Williams v. State, 277 Ga. 853 (6) (a) (596 SE2d 597) (2004) (gun ownership alone does not impute bad character).

In order to establish ineffective assistance of counsel under the Sixth Amendment, a defendant must show both that counsel's performance was deficient and that counsel's deficient performance prejudiced his defense. Strickland v. Washington, 466 U. S. 668, 687 (104 SCt 2052, 80 LE2d 674) (1984). Because a defendant must show both deficient performance and actual prejudice stemming from the deficiency, an insufficient showing on either one of these prongs exempts an appellate court from the need to address the other prong. Fuller v. State, 277 Ga. 505 (3) (591 SE2d 782) (2004).

To meet the prejudice prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U. S. at 694. See also Miller v. State, 285 Ga. 285, 286 (676 SE2d 173) (2009). We find that appellant failed to make such a showing in this case because on

cross-examination, appellant's counsel established that the rifle butt was never sent off to a crime lab for DNA analysis or any type of testing which would have shown that it was used to hit Cayden.

Judgment affirmed. All the Justices concur.

Decided June 29, 2015.

Murder. Rockdale Superior Court. Before Judge Irwin.

Coxen & Worthington, Beau A. Worthington, for appellant.

Richard R. Read, District Attorney, Roberta A. Earnhardt, Dabney Y. Kentner, Assistant District Attorneys; Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jason M. Rea, Assistant Attorney General, for appellee.