**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**September 25, 2015**

# In the Court of Appeals of Georgia

A15A1445. TAYLOR v. THE STATE.

McFADDEN, Judge.

John Taylor was tried before a jury, convicted of child molestation and denied a new trial. He appeals, claiming that the trial court erred in allowing an expert witness to testify about an ultimate issue in the case and in charging the jury on reasonable doubt. However, Taylor failed to raise an ultimate issue objection to the testimony in question and there is no reasonable possibility that the reasonable doubt charge misled the jury as to the state's burden of proof. Accordingly, we affirm.

Construed in the light most favorable to the verdict, *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), the evidence shows that Taylor was the boyfriend of the mother of minor girls N. M. and S. F. when he moved into the family's home. In January 2011, Taylor began molesting 12-year-old N. M. by

touching her vagina and having her massage his penis until he ejaculated. N. M. told her sister and her mother about the abuse. The police were contacted and N. M. described the molestation during a videotaped forensic interview. Taylor subsequently agreed to submit to a polygraph examination, but no polygraph was administered because during the pre-examination interview Taylor admitted that on two occasions N. M. had masturbated him until he ejaculated. After the oral admission, Taylor gave a written admission describing his sexual acts with N. M.

Taylor was indicted for one count of child molestation for having had the victim masturbate him to the point of ejaculation. The jury found Taylor guilty of the charged offense and the trial court imposed a 20-year-sentence. After Taylor's motion for a new trial was denied, this appeal followed.

1. *Forensic interviewer testimony.*

Taylor claims that the trial court erred when it allowed the forensic interviewer to answer the state's question about whether the objective evidence in the case was consistent with the victim's story because this was improper testimony on an ultimate issue that went beyond the scope authorized by OCGA § 24-7-704. However, even assuming for the sake of argument that it was error to allow the testimony, such error was harmless because it is highly probable that it did not contribute to the verdict in

2

light of the overwhelming evidence of guilt, including Taylor's oral and written admissions to the charged offense. *Sims v. State*, ___ Ga. ___ (2) (Case No. S15A0182, decided June 29, 2015); *Williams v. State*, 330 Ga. App. 606, 608 (1) (768 SE2d 788) (2015).

2. *Reasonable doubt charge.*

Taylor argues that the trial court erred when it charged the jurors that to find reasonable doubt, their minds had to be "unsettled, unsatisfied *and* wavering." (Emphasis supplied.) Taylor takes issue with the use of the word "and" emphasized above, noting that Suggested Pattern Jury Instruction 1.20.10 instead uses the word "or" in instructing the jurors that "if your minds are wavering, unsettled, *or* unsatisfied, then that is a doubt of the law, and you must acquit the defendant." (Emphasis supplied.)

However, this argument has previously been rejected by this court in *Roman v. State*, 155 Ga. App. 355 (271 SE2d 21) (1980). As explained in *Roman*, because "the words the court used to describe 'reasonable doubt'[,] that is, wavering, unsettled and unsatisfied, were used as synonyms to describe the particular belief or feeling of doubt which is the 'doubt of the law' and not three required separate states of mind, we cannot agree with appellant's contentions of error in this regard. [Cit.]" Id. at 356

3

(3). Likewise, in *Davis v. State*, 168 Ga. App. 272, 275 (8) (308 SE2d 602) (1983), this court upheld a similar jury charge, concluding that "[t]he trial judge's instructions could not have caused the jury to misunderstand the burden of proof resting upon the state." (Citations and punctuation omitted).

In the instant case, it certainly would have been the better practice for the trial court to have more precisely followed the suggested pattern jury instruction by using the word "or" instead of the word "and" in the charge in question. Nevertheless, in viewing the charge as a whole, as we are bound to do, "we conclude that it is not reasonably likely that the jury misapprehended the [s]tate's burden of proof." *Anderson v. State*, 286 Ga. 57, 59 (5) (685 SE2d 716) (2009). Accordingly, there is no reversible error.

*Judgment affirmed. Ellington, P. J., and Dillard, J., concur.*

4