# Court of Appeals
# of the State of Georgia

ATLANTA,  January 23, 2017

*The Court of Appeals hereby passes the following order:*

**A17A0919.  JOHN ADAM TAYLOR v. THE STATE.**
**A17A0920.  JOHN ADAM TAYLOR v. THE STATE.**
**A17A0921.  JOHN ADAM TAYLOR v. THE STATE.**

In 2013, a jury found John Adam Taylor guilty of child molestation, and this Court affirmed his conviction. See *Taylor v. State*, 334 Ga. App. 12 (778 SE2d 26) (2015). Taylor filed a timely motion to modify his sentence on December 2, 2015. He also filed an untimely motion to modify his sentence. On June 23, 2016, the trial court denied the motions in a single order. Taylor subsequently filed an extraordinary motion for new trial, which the trial court also denied. In Case Number A17A0919, Taylor seeks to appeal the denial of his first motion to modify his sentence; in Case Number A17A0920, Taylor seeks to appeal the denial of his second motion to modify his sentence; and in Case Number A17A0921, Taylor seeks to appeal the denial of his extraordinary motion for new trial. We, however, lack jurisdiction.

As to Case No. A17A0919, a sentencing court may modify a sentence within one year of its imposition or within 120 days after remittitur following a direct appeal, whichever is later.  See OCGA § 17-10-1 (f); *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010). The denial of a timely motion to modify under OCGA § 17-10-1 (f) is subject to direct appeal. See, e. g., *Maldonado v. State*, 260 Ga. App. 580 (580 SE2d 330) (2003). However, a notice of appeal must be filed within 30 days after entry of the appealable order, and the proper and timely filing of a notice of appeal is required to confer jurisdiction on this Court. See OCGA § 5-6-38 (a); *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995). Here, Taylor filed his notice of appeal on August 10, 2016, 48 days after entry of the trial court's June 23,

2016 order. Accordingly, the notice of appeal was untimely, and we lack jurisdiction to consider the appeal in A17A0919.

In Case No. A17A0920, Taylor also seeks to appeal the trial court's June 23, 2016 order to the extent it denied his second motion to modify his sentence, filed on May 31, 2016. However, Taylor's notice of appeal was filed on August 17, 2016, 55 days after entry of the order on appeal. Thus, the notice of appeal is untimely, which deprives this Court of jurisdiction. See *Rowland*, supra.

Finally, in Case No. A17A0921, Taylor seeks to appeal the trial court's order denying his extraordinary motion for new trial. An order denying an extraordinary motion for new trial must be appealed by application for discretionary appeal. See OCGA § 5-6-35 (a) (7); *Balkcom v. State*, 227 Ga. App. 327, 329 (489 SE2d 129) (1997).

Accordingly, we lack jurisdiction over these appeals, which are hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __01/23/2017__
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


_____ *, Clerk.*