A94A2543. BOLAR v. THE STATE.
(453 SE2d 790)

RUFFIN, Judge.

Earl A. Bolar appeals from his conviction of burglary of a convenience store.

The evidence construed in favor of the verdict shows the following. At approximately 12:45 a.m., a burglar alarm went off at an Amoco convenience store and a call went out over the police radio that a possible burglary was in progress. At the same time, officers patrolling the area saw Bolar and another individual, Charles A. Shine, running down a street two blocks from the store, each carrying a twelve-pack of beer. When the officers identified themselves and asked Bolar and Shine to stop, they dropped the beer and ran away from the officers. After a short pursuit, the officers caught Bolar and Shine and brought them back to the patrol car. When the officers retrieved the beer, they noticed both of the twelve-packs had a price sticker from the Amoco convenience store. Amoco's area supervisor identified the beer as that taken from her store. The officer who

chased Bolar identified him and Shine on a surveillance video taken during the burglary of the convenience store.

1. Bolar contends the trial court erred in allowing Shine to testify as a witness for the State because Shine's name was not included on the list of witnesses prepared by the State pursuant to OCGA § 17-7-110. "The purpose of OCGA § 17-7-110 is to insure that an accused is not confronted at trial with testimony against him from witnesses whom he has not had an opportunity to interview prior to trial. When, as in this case, a witness' name is contained in the indictment, a defendant cannot validly contend that he had been surprised or unable to interview the witness in question through lack of knowledge of such witness. Therefore the trial court committed no harmful error." (Citations and punctuation omitted.) *Graham v. State*, 171 Ga. App. 242, 254 (13) (319 SE2d 484) (1984). We note further that prior to trial, counsel for Bolar stated to the court that he and the State's attorney had a conversation during the past week "about what may be within the knowledge of Mr. Shine." "Such information reinforces the finding of lack of surprise on the part of [Bolar] at [Shine's] appearance at trial on behalf of the State." Id.

2. Bolar also contends the trial court erred in allowing the State's attorney to examine Shine after he invoked his Fifth Amendment right against self-incrimination.

Upon taking the witness stand, the following exchange took place between the State's attorney and Shine: "Q. Please state your name, sir. A. Your Honor, I want to know can I . . . I want to rule as [sic] Fifth Amendment. THE COURT. You've been asked what your name is. A. Charles Shine. Q. Directing your attention to January 13th of this year, Wednesday morning, early in the morning, did you have occasion to go into the Coliseum Amoco Gas Station on Walton Way? A. I'm going to rule my answer under the Fifth Amendment." At this point the State's attorney ceased his questioning, stated he had no further questions and Bolar's attorney stated he had no cross-examination. Bolar argues that by allowing the State's attorney to ask Shine the question regarding his presence at the convenience store, he inferred that Shine had broken into the store but was now refusing to identify his companion.

Bolar relies on *Lingerfelt v. State*, 235 Ga. 139 (218 SE2d 752) (1975), for the proposition that the trial court erred by not conducting a hearing to determine whether the testimony the State sought to elicit would incriminate Shine. However, "in *Lingerfelt* and its progeny the error harmful to the defendant occurred when the prosecutor *continued* to ask leading questions he knew the witness would not answer but that implicated the defendant in [the] wrongdoing." (Emphasis supplied.) *Parrott v. State*, 206 Ga. App. 829, 832 (2) (427 SE2d 276) (1992). In the instant case, once it became clear

that Shine was invoking his Fifth Amendment right, the State's attorney ceased his questioning. Had the State desired to continue with its examination of Shine after he asserted his Fifth Amendment right, the proper procedure would have been to "conduct a hearing outside the presence of the jury to determine whether the testimony the State [sought] to elicit potentially could incriminate the witness. [Cit.]" Id. Since in this case the State ceased its questioning and stated it had no further questions, a hearing in this case would have served no purpose. Under these circumstances, we find no error.

3. At trial, the State introduced the surveillance video into evidence and two police officers identified Bolar as one of the individuals in the video. In two separate enumerations of error, Bolar contends the trial court erred not only in admitting the videotape because a proper foundation had not been laid, but also in allowing the testimony of the officers identifying Bolar in the video. Even assuming arguendo that it was error to admit the video and the identification testimony, given the other admissible evidence of Bolar's commission of the burglary, including his proximity to the store at the time the alarm went off, his flight from the officers and his possession of the stolen beer, we find it highly probable that the error did not contribute to the jury's verdict. *Johnson v. State*, 238 Ga. 59, 61-62 (230 SE2d 869) (1976); *Blige v. State*, 264 Ga. 166, 168 (3) (441 SE2d 752) (1994).

4. Finally, Bolar contends the evidence adduced at trial was insufficient to sustain the verdict. We disagree. "Unexplained recent possession of stolen goods permits a jury to infer that the accused committed the theft. Moreover, evidence of flight points to the question of guilt in a circumstantial manner. The evidence, although circumstantial, was sufficient to enable a rational trier of fact to find [Bolar] guilty beyond a reasonable doubt of the offense of burglary." (Citations and punctuation omitted.) *Gearin v. State*, 208 Ga. App. 878, 879 (1) (432 SE2d 818) (1993); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 1, 1995.

*Peter D. Johnson,* for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.