A96A0799. QUINN v. THE STATE.
(474 SE2d 297)

Judge Harold R. Banke.

Roger Dale Quinn and a co-defendant were convicted of burglary.[1] On appeal, Quinn challenges the sufficiency of the evidence and alleges ineffective assistance of counsel.

The evidence supporting the verdict shows that a neighbor observed a van parked with its motor running in the victim's driveway. The burglars kicked in the back door of the victim's residence, ransacked the house, and took a white and burgundy pillow case, jewelry, a wooden jewelry box, a watch, a television, and firearms.

Captain Hall of the Rockdale County Sheriff's Department spotted a van similar to that described by the neighbor in the driveway of a residence near his home. Hall drove by slowly and made eye contact with one of the van's occupants, who was walking up to the door. When the man knocked only once, then left the porch without allowing sufficient time for anyone to answer the door, and continued to watch Hall as he returned to the van, Hall's suspicions grew. Hall followed the van and a high speed chase ensued. When officers arrested Quinn and his co-defendant, they retrieved from the van the victim's jewelry box, a bracelet with his wife's name on it, a watch, and a dish in the burgundy and white pillow case. *Held*:

---

[1] Quinn's conviction in his first trial on this charge was reversed. *Gearin v. State*, 208 Ga. App. 878 (432 SE2d 818) (1993).

1. The evidence, viewed in the light most favorable to the verdict, is sufficient for a rational trier of fact to find all the essential elements of the crime. *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979). The essential elements of burglary are: (1) entering into the dwelling house of another (2) without authority (3) with the intention of committing a felony. OCGA § 16-7-1 (a); *Hambrick v. State*, 174 Ga. App. 444, 446-447 (1) (330 SE2d 383) (1985). The evidence of Quinn's unexplained recent possession of stolen goods in the van after the chase adequately supports an inference that he committed the theft. *Bolar v. State*, 216 Ga. App. 195, 197 (4) (453 SE2d 790) (1995). Furthermore, Quinn's flight provides circumstantial evidence of guilt. Id. Combined with the neighbor's identification of the van in the victim's driveway during the victim's absence, the victim's damaged door, and the suspicious actions which initiated the chase, this evidence provides adequate support for the verdict.

2. We reject Quinn's contention that his counsel was ineffective for (a) preventing Quinn from testifying and (b) failing to object to certain evidence. To establish ineffectiveness, a defendant must prove that his trial counsel's performance was deficient and the deficiency prejudiced his defense to the extent that there was a reasonable probability the result of the trial would have been different but for defense counsel's unprofessional deficiencies. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Brown v. State*, 257 Ga. 277, 278 (2) (357 SE2d 590) (1987). Review of counsel's performance, however, must be highly deferential. *Rogers v. State*, 195 Ga. App. 446, 447 (394 SE2d 116) (1990). Tactical errors do not constitute ineffective assistance. *Keanum v. State*, 212 Ga. App. 662, 664 (3) (442 SE2d 790) (1994).

(a) At the motion for new trial hearing, Quinn's trial counsel stated that he discouraged Quinn from testifying because he believed the State then would probably enter into evidence a similar transaction involving a gun to which Quinn pleaded guilty. Quinn's counsel also stated that after he explained this possibility, Quinn agreed not to testify. This evidence supports a finding that counsel did not prevent Quinn from testifying at trial and that the decision not to call him to the stand was strategic. *Young v. Ricketts*, 242 Ga. 559, 561 (1) (c) (250 SE2d 404) (1978); *Williams v. State*, 217 Ga. App. 709, 711 (2) (458 SE2d 892) (1995). Accordingly, the trial court's determination that Quinn's counsel was not ineffective was not clearly erroneous. *Powell v. State*, 210 Ga. App. 409, 414 (6) (c) (437 SE2d 598) (1993).

(b) We reject Quinn's assertion that his trial counsel was ineffective for failing to object to the admission of Captain Hall's testimony that he witnessed an occupant of the van go to the door and knock as similar transaction evidence. " 'The facts and circumstances surrounding the arrest of a defendant have been held to be relevant and

admissible during the trial of a criminal case.' [Cit.]" *DeCastro v. State*, 221 Ga. App. 83, 85 (1) (470 SE2d 748) (1996). Because the statement was admissible as original evidence and it explained the circumstances of Quinn's arrest and how the victim's belongings were discovered in the van Quinn occupied, arguing that it was inadmissible as similar transaction evidence would have been futile. OCGA § 24-3-2; see *Ivester v. State*, 252 Ga. 333, 335-336 (2) (313 SE2d 674) (1984). Thus, counsel was not deficient.

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED AUGUST 6, 1996.

*Tony D. Calhoun*, for appellant.
*Garry T. Moss, District Attorney*, for appellee.