### A98A0807. OAKES v. THE STATE.
(505 SE2d 33)

SMITH, Judge.

Todd Oakes was indicted jointly with his brother Patrick on one count of making terroristic threats and two counts of entering an automobile. A jury trial was held, and Patrick pled guilty during the trial to one count of entering an automobile. At the close of the evidence, the trial court granted Todd Oakes's motion for a directed verdict on the terroristic threats charge. A jury found him guilty of both remaining counts, and he brings this appeal. We affirm.

Construed to support the verdict, the evidence at trial showed that Oakes, Patrick, and Bobby Beal, a friend of Patrick's, were riding in a car owned and driven by Oakes. Patrick was in the front passenger seat, and Beal was in the back seat. They stopped at the parking lot of a lodge next to the grounds of the Georgia Mountain Fair. Patrick left the car carrying a tire iron, smashed the window of a nearby Ford Explorer, and took a purse before returning to Oakes's car. In the process, he lost a shoe which was later found near the Explorer. A camera was taken from an unlocked car parked nearby at about the same time. That car was not damaged, and the camera was found unharmed, discarded in a ditch beside the parking lot. Patrick denied entering that car and taking the camera.

Patrick admitted entering the Explorer, but both he and Oakes denied that Oakes had any prior knowledge that Patrick intended to commit the crime. Patrick testified that he asked Oakes to stop the car so he could relieve himself and Oakes stopped the car in the parking lot at the lodge. He explained that as he exited the car, Beal passed him a tire iron Beal had earlier removed from Oakes's trunk through the back seat. Although Patrick left the car from the front passenger seat, he stated Oakes did not see the tire iron because he concealed it under baggy pants and a loose shirt. He testified he was

gone no more than five minutes, during which time he ran to the fairgrounds lot, knocked the window out of the Ford Explorer with the tire iron, grabbed the purse, threw away the tire iron, and ran back to his brother's car, with the purse tucked into his shirt. When he returned to his brother's car, he took the purse and passed it to Beal in the back seat; Beal then removed the wallet and passed the purse back to Patrick.

According to both Patrick and Oakes, Oakes first noticed the purse, which Beal had apparently passed back to him, while driving away. He asked Patrick about it and instructed him to throw it out of the car. Oakes testified that when he noticed Patrick with the purse in his hand he "knew right then that he had stole it." Later, Oakes noticed Beal "going through" the wallet that had been in the purse and told Beal to "get it the hell out of the car" as well.

1. Oakes raises the general grounds, arguing specifically that it was undisputed that he did not commit the crimes directly and that the evidence was insufficient to support his conviction as a party to the crimes because the crime of entering an automobile requires specific intent, which was not proved.

Oakes is correct that the crimes with which he was charged require specific intent. They are committed by entering "any automobile or other motor vehicle with the intent to commit a theft or a felony." OCGA § 16-8-18. He is also correct that because he did not directly commit the crime, conviction as a party to the crime required a showing that he intentionally aided or abetted Patrick in its commission or that he intentionally advised, encouraged, hired, counseled, or procured Patrick to commit the crime. OCGA § 16-2-20 (b) (3), (4). He is incorrect, however, in his assertion that the required showing was not made under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

"While mere presence at the scene of a crime is insufficient to show that a defendant is a party to the crime, criminal intent may be inferred from conduct before, during and after the commission of the crime." (Citations omitted.) *Gaskin v. State*, 221 Ga. App. 142, 143 (470 SE2d 531) (1996). In this case, the jury could have concluded from a consideration of Oakes's conduct before, during, and after the crime that he had a specific intent to take part in the crimes. Oakes was driving the car used as transportation to and from the scene of the crime. A witness testified that the car left the parking lot "pretty fast." Moreover, given the close proximity in which the brothers found themselves both before and after the crimes, the jury could well have chosen to disbelieve the brothers' testimony that Patrick was able to conceal both the tire iron and the purse from Oakes until after the crimes were committed and they had driven away.

Questions of witness credibility are completely within the prov-

ince of the jury. *Brannon v. State*, 266 Ga. 667, 668 (469 SE2d 676) (1996). A "rational trier of fact can choose to reject even 'undisputed' testimony if that fact finder believes that witness's testimony to be unreliable." *Tate v. State*, 264 Ga. 53, 56, n. 5 (440 SE2d 646) (1994). The jury could have considered the witnesses' demeanor, any contradictory or inconsistent statements, and any other circumstances inconsistent with truth. Id. It is apparent that the jury weighed the credibility of the witnesses and decided this issue against Oakes.

On appeal, this Court does not weigh the credibility of witnesses. We must construe the evidence in the light most favorable to the jury's verdict, and we decide only the legal sufficiency of the evidence. *West v. State*, 224 Ga. App. 190 (1) (480 SE2d 238) (1997). We conclude that the evidence presented was sufficient to support Oakes's convictions under the standard set forth in *Jackson v. Virginia*.

2. Oakes also asserts that the evidence failed to exclude every other reasonable hypothesis except his guilt. His arguments in support of this enumeration are almost identical to those in support of his first enumeration, and we find them similarly without merit. The fact that Oakes's version of events was undisputed did not make it credible. See *Tate*, supra. A jury is not required to exclude *every* hypothesis other than guilt; it must consider only every other *reasonable* hypothesis. *Martin v. State*, 228 Ga. App. 59, 61 (1) (491 SE2d 142) (1997). As detailed above, the jury's verdict simply reflects its dissatisfaction with the explanations given by Oakes and his brother. Id.

*Judgment affirmed. Johnson, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JULY 13, 1998 —
RECONSIDERATION DENIED JULY 30, 1998.

*Murphy C. Miller*, for appellant.
*Albert F. Taylor, Jr.*, District Attorney, *William W. Woody*, Assistant District Attorney, for appellee.