A98A2152. BROWN v. THE STATE.
(512 SE2d 369)

RUFFIN, Judge.

A jury found Ricky Lee Brown guilty of theft by shoplifting and giving a false name to a law enforcement officer. On appeal from the trial court's denial of his motion for a new trial, Brown challenges the sufficiency of the evidence supporting his convictions and asserts that the trial court erred in admitting certain photographs that the State did not produce pursuant to a discovery request. For reasons discussed below, we affirm Brown's convictions.

Viewed in a light most favorable to the jury's verdict, the evidence shows that on June 2, 1996, at the Parisian department store at Gwinnett Place Mall, a sales associate alerted Chip Hall, the store's loss prevention manager, of a man heading toward the men's

---

[1] *Amwest Surety Ins. Co. v. RA-LIN & Assoc.*, 216 Ga. App. 526, 529 (1) (455 SE2d 106) (1995).

shoe department. Through an overhead camera, Hall and another store security employee, Richard Vincent, observed Brown replace his own sandals with a new pair of Parisian sandals and attempt to exit the store. After passing at least four registers, Brown walked out of the first set of exit doors, but was prevented from leaving the store when Parisian's control room activated an electronic block that locked the outside doors.

Hall and Vincent confronted Brown at the exit doors and led him to the loss prevention office where they confirmed that the sandals he was wearing were Parisian property. Hall noticed that Brown was fidgety and kept pulling his untucked shirt over a large bulge in his pants. Based upon another alert by a sales associate, Hall asked Brown to give him merchandise he had taken from a Nautica fitting room. At first Brown refused to turn over the merchandise, but then allowed Hall to unbutton the front of his pants and pull out from underneath his spandex shorts a Nautica shirt and a pair of shorts with Parisian tags still on them. Brown did not produce any receipts for these items, the retail value of which totaled over $100.

Hall testified that Brown identified himself as "Larry Smith" and that Brown told Officer Randy Huckabee of the Gwinnett County Police Department that his name was "Larry Smith." Officer Huckabee discovered that "Larry Smith" was a false name after he took Brown to jail and found a piece of paper on Brown's person that said "R. Brown" and that contained his mother's name and phone number. Huckabee called this phone number and confirmed Brown's true identity.[1]

1. Brown contends that the evidence was only sufficient to support a conviction for misdemeanor, rather than felony, theft by shoplifting because the sandals, which were valued at less than $100, were the only item the State proved he stole. OCGA § 16-8-14 (a) (1) provides that "[a] person commits the offense of theft by shoplifting when he . . ., with the intent of appropriating merchandise to his own use without paying for the same or to deprive the owner of possession thereof or of the value thereof, . . . [c]onceals or takes possession of the goods or merchandise of any store or retail establishment." If the stolen property exceeds $100 in value, then "[a] person convicted of the offense of theft by shoplifting . . . commits a felony." OCGA § 16-8-14 (b) (2).[2]

---

[1] The prosecutor asked Officer Huckabee, "Did the results of that conversation eliminate the defendant's real identity as being Ricky Brown?," and Huckabee responded, "Yes, it did." The prosecutor's reference to "Ricky Brown" instead of "Larry Smith" as the false name was apparently a slip of the tongue, because Huckabee immediately thereafter testified that Brown's proffer of the name "Larry Smith" misled Huckabee as to his true identity.

[2] Effective July 1, 1998, a person commits a felony theft by shoplifting when the property which is the subject of the theft exceeds $300. Ga. L. 1998, p. 578. However, offenses

Brown argues that no one saw him steal the shirt and shorts, the combined value of which exceeded $100 and which were found with their tags, shoved in the shorts he was wearing under his pants, and that no one asked him whether he had a receipt for these items. Without pointing to any evidence, Brown maintains that he may very well have paid for these items and may have merely been carrying them "in an unusual manner." However, "[w]hether the requisite intent is manifested by the circumstances is a question for the trier of fact, and, on review, this court will not disturb the factual determination unless it is contrary to the evidence and clearly erroneous." (Punctuation omitted.) *Racquemore v. State*, 204 Ga. App. 88 (1) (418 SE2d 448) (1992). "[U]nexplained recent possession of stolen goods supports an inference that the accused committed the theft." *Agony v. State*, 226 Ga. App. 330, 332 (2) (486 SE2d 625) (1997). Moreover, "although the evidence implicating [Brown] is circumstantial, it is *competent* evidence having probative value." (Emphasis in original.) Id. at 331 (2).

Given the evidence that Brown was seen stealing the sandals, that he acted "fidgety," that he tried to conceal in his pants both a shirt and a pair of shorts for which he had no receipt, and that he attempted to leave the store without paying for any of these items, the jury was authorized to conclude that he stole items valued over $100 and that he was guilty beyond a reasonable doubt of the offense of theft by shoplifting. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Agony*, supra at 331-332 (2); *Parham v. State*, 218 Ga. App. 42, 43 (1) (460 SE2d 78) (1995).

2. Brown also contends that the State failed to prove that he committed the offense of giving a false name to a law enforcement officer. "A person who gives a false name . . . to a law enforcement officer in the lawful discharge of his official duties with the intent of misleading the officer as to his identity . . . is guilty of a misdemeanor." OCGA § 16-10-25. Brown denies that he gave Officer Huckabee a false name and also insists that the State failed to prove that his real name was Ricky Lee Brown.

While under arrest, Brown gave Officer Huckabee the name "Larry Smith." The State sought to prove that "Larry Smith" was a false name by showing (1) that Officer Huckabee found the name "R. Brown" on a piece of paper in Brown's possession and (2) that Huckabee verified Brown's true name by calling Brown's mother. Regardless of whether these items were sufficient to prove that Brown gave Huckabee a false name, there was other evidence to support the charge.

committed prior to July 1, 1998, which is the case here, remain governed by and punishable as provided in the law as it existed before. Id.

Brown was referred to "by the trial judge to the jury as [Ricky Lee Brown], the defendant, and [Brown] did not repudiate [this statement] of fact. Also there was concordance between [Brown's] name and that of the person charged in the indictment [upon which Brown pled guilty and signed his name as 'Ricky Brown']. Concordance of name alone is some evidence of identity. Identity of name presumptively imports identity of person, in the absence of any evidence to the contrary." (Citations and punctuation omitted.) *Robinson v. State*, 231 Ga. App. 368-369 (1) (498 SE2d 579) (1998). Therefore, we find the evidence sufficient to support Brown's conviction for giving a false name to a law enforcement officer.

3. Finally, Brown argues that the trial court erred in admitting photographs of the stolen merchandise because the State failed to produce the photographs ten days before trial as required by OCGA § 17-16-4 (a) (3). Pursuant to OCGA § 17-16-6, if the State fails to comply with a defendant's discovery request, then "the court may order the state to permit the discovery or inspection, . . . grant a continuance, or, upon a showing of prejudice and bad faith, prohibit the state from introducing the evidence not disclosed." "In reviewing a trial court's decision as to whether to impose sanctions or take other corrective action as a result of the State's failure to comply with its discovery obligations, the appropriate standard of review is whether the trial court abused its discretion." *Williams v. State*, 226 Ga. App. 313, 314 (1) (485 SE2d 837) (1997).

Before jury selection, the State advised the court that one of its witnesses had brought photographs of the merchandise Brown allegedly stole and that it had immediately shown them to Brown's attorney. Brown objected to the admissibility of these photographs on the ground that the State had ample opportunity to produce these pictures prior to trial and that he would be prejudiced by their admission because they would give added weight to any witness' testimony. Brown rejected the trial court's offer to grant him a continuance to give the State an opportunity to comply with his discovery request. When the photographs were admitted at trial, Brown renewed his pre-trial objection.

Considering that Brown refused the court's offer of a continuance, we find that the trial court did not abuse its discretion in admitting the photographs. See *Williams*, supra. Moreover, Brown presented no evidence of bad faith on the State's part. In addition, the trial court acted within its discretion in finding that Brown was not prejudiced by the admission of the photographs because they were merely cumulative of the Parisian store employees' testimony regarding their contents. See *Blankenship v. State*, 229 Ga. App. 793, 794 (494 SE2d 758) (1997). "[I]n order to trigger the harsh sanction

under OCGA § 17-16-6, of excluding evidence improperly withheld from the defense, there must be a showing of prejudice to the defense and bad faith by the State. Here, [Brown] failed to satisfy either requirement." (Citation omitted.) Id.

*Judgment affirmed. Pope, P. J., and Beasley, P. J., concur.*

DECIDED FEBRUARY 16, 1999.

*Carla E. Brown*, for appellant.
*Daniel J. Porter, District Attorney, David K. Keeton, Assistant District Attorney*, for appellee.