## A99A2328. FAIRBANKS v. THE STATE.
(531 SE2d 381)

PHIPPS, Judge.

Patrick Fairbanks enumerates two errors in his appeal of his armed robbery conviction. First, he asserts that the trial court erred by admitting the prior consistent statement of his co-defendant, Derrick Hallback, before Hallback's veracity had been challenged. Second, he asserts that the trial court erred by not excluding testimony from Hallback's mother and sister on the ground that the State had not given the defense at least ten days notice of its intent to call them as witnesses.[1] We find that Hallback's prior consistent statement was properly admitted and that the court did not abuse its discretion in permitting Hallback's mother and sister to testify. For these reasons, we affirm Fairbanks's conviction.

On January 11, 1997, Fairbanks and Hallback robbed at gunpoint a liquor store near their homes. After the robbery, they fled on foot toward their homes. The police soon found Hallback hiding under a car in Fairbanks's yard. They were not able to apprehend Fairbanks at that time. Shortly after his arrest, in response to questioning at the scene, Hallback stated that Fairbanks was the other perpetrator of the robbery. Later, Hallback pled guilty to a lesser charge in exchange for his testimony against Fairbanks.

1. Before trial, Fairbanks filed a motion in limine to exclude any

---

[17] See *Pittman,* supra.
[1] See OCGA § 17-6-8.

testimony regarding Hallback's statement except when Hallback was testifying. After a hearing, the court ruled that the statement would be admissible as a prior consistent statement and that Hallback need not testify before the statement was admitted as long as he was called to testify at some point and was subject to cross-examination. During the trial, the deputy sheriff who arrested Fairbanks recounted Hallback's statement at the scene implicating Fairbanks. Hallback testified later.

Under *Woodard v. State*,[2] the prior consistent statements of a witness are admissible at trial if: "(1) the veracity of [the] witness's trial testimony has been placed in issue at trial; (2) the witness is present at trial; and (3) the witness is available for cross-examination."[3] Fairbanks argues that it was error for the trial court to admit Hallback's prior consistent statement before he testified because his veracity had not been placed in issue when the statement was admitted.

Fairbanks's argument·is controlled adversely to him by *Powell v. State*.[4] There, the Supreme Court of Georgia upheld the admission of a witness's prior consistent statement where her veracity was challenged, she testified later at trial, and she was subject to cross-examination.

· We find the instant situation analogous to that in *Powell*. Hallback testified after his statement was introduced, he was subject to cross-examination, and his veracity was challenged on cross-examination. Applying *Powell*, we conclude that Hallback's prior consistent statement was properly admitted.

2. In another motion in limine, Fairbanks sought the exclusion of testimony from Hallback's mother and sister because of the State's failure to furnish their names at least ten days before trial. They testified that after Hallback had been arrested ånd while Fairbanks was still at large, Fairbanks called their home several times to inquire about Hallback's needs and said that he or his grandmother would provide for Hallback's needs. According to Hallback's sister, during one of the conversations, Fairbanks made statements that indicated that he had participated in the robbery.

Hallback's mother and sister were added to the State's witness list on the day of jury selection. The evidentiary phase of the trial began two days later. Fairbanks asserted that the late addition of the Hallbacks to the witness list was inexcusable because the sheriff's department had known of the calls for at least two months. The record reflects that Hallback's mother had reported the calls to aid in

---

[2] 269 Ga. 317 (496 SE2d 896) (1998).
[3] Id. at 320 (2).
[4] 271 Ga. 575, 576 (2) (522 SE2d 656) (1999).

the apprehension of Fairbanks.

The prosecutor stated that although he had known that Fairbanks had contacted the Hallbacks while he was a fugitive, he did not learn until the day before jury selection, while interviewing Hallback, that Fairbanks had incriminated himself during the phone conversations. The interview with Hallback was conducted on a Sunday, and the prosecutor served defense counsel with an amended witness list the next day.

The court ruled that the Hallbacks' testimony would not be excluded but that the defense would have three options for a remedy — time to interview the Hallbacks, a continuance to another day, or a continuance to another calendar. Defense counsel responded: "We are prepared to go to trial today. That does not mean, for the record, that we consent to the use of these witnesses, and we'd just like a couple of minutes before trial to talk to the two Hallbacks." The defense was given an opportunity to interview the witnesses.

> "In reviewing a trial court's decision as to whether to impose sanctions or take other corrective action as a result of the State's failure to comply with its discovery obligations, the appropriate standard of review is whether the trial court abused its discretion."[5]

Excluding evidence is a harsh sanction and should be imposed only when there is " 'a showing of prejudice to the defense and bad faith by the State. . . .' [Cit.]"[6]

The hearing record does not show bad faith by the State. Moreover, defense counsel's statement that the defense was ready for trial that day and his rejection of a continuance suggest that Fairbanks was not prejudiced by the late addition of the Hallbacks to the State's witness list. We find the trial court did not abuse its discretion by allowing the State to call the Hallbacks as witnesses.

*Judgment affirmed. Johnson, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 16, 2000.

*William D. Hall*, for appellant.
*Charles M. Ferguson, District Attorney*, for appellee.

---

[5] (Citation omitted.) *Brown v. State*, 236 Ga. App. 478, 481 (3) (512 SE2d 369) (1999).
[6] Id. at 481-482 (3); accord OCGA § 17-16-6.