## A00A2342. SINCLAIR v. THE STATE.
(546 SE2d 7)

RUFFIN, Judge.

A jury found Lee Sweeney Sinclair guilty of entering an automobile with intent to commit a theft, obstruction, carrying a concealed weapon, and driving with a suspended license.[1] In two enumerations of error, Sinclair challenges the sufficiency of the evidence supporting his conviction for entering an automobile. As the evidence was sufficient to support the verdict on this count, we affirm.

On appeal from a criminal conviction, the defendant no longer enjoys the presumption of innocence, and we view the evidence in a light most favorable to the jury's verdict.[2] So viewed, the evidence shows that at approximately 5:00 a.m. on March 21, 1998, Macon Police Officer Robert Schwartz saw Sinclair driving a Jeep Cherokee with two passengers. Sinclair pulled into a convenience store parking

---

[1] Sinclair also was charged with theft by receiving, but the trial court directed a verdict on this count.

[2] *Murray v. State*, 239 Ga. App. 659 (522 SE2d 48) (1999).

lot and walked to a pay phone. Because the Jeep had an out-of-county license plate, Schwartz ran a computer check on the number and discovered that the Jeep had been reported stolen.

After calling for backup, Schwartz approached Sinclair, told him the Jeep had been reported stolen, and searched him for weapons. As Schwartz patted Sinclair's pants pocket, he found a razor carpet knife, which, according to Schwartz, is commonly used as a weapon. Schwartz testified that, when he found the knife, "Sinclair turned on me. He turned, violently shifting, attempting to strike me and knock me down." While Schwartz was struggling with Sinclair, the two passengers fled. Sinclair eventually broke away from Schwartz, and Sinclair's pants pocket ripped. Schwartz, who had been holding on to the pocket, retained the knife as well as Sinclair's wallet, which contained an identification card.

As Sinclair ran from Schwartz, several other police officers arrived and surrounded Sinclair, who was then taken into custody. The police later inventoried the contents of the Jeep and discovered several items that had been stolen from a Honda CRX during the night. According to Jamie Stanley, the owner of the Honda, she left her locked car in the parking lot of a motel on March 20, 1998 — the evening before Sinclair was arrested. The next morning, she discovered that one of the windows had been broken and several items had been taken, including her wallet, her checkbook, a book bag, and the car radio — items which were found in the Jeep Cherokee.

1. On appeal, Sinclair argues that the evidence was insufficient to support his conviction for entering the auto. In his brief, he points to the fact that the trial court "granted [his] motion for directed verdict for theft of the same vehicle." Thus, he reasons, he should have been acquitted of the entering charge as it was based on the same evidence. He further asserts that there was no evidence that he entered the Jeep to commit a felony. Sinclair's reasoning is flawed.

Initially, we note that Sinclair was charged with entering the Honda CRX, not the Jeep Cherokee. Under OCGA § 16-8-18, a person who enters "any automobile or other motor vehicle with the intent to commit a theft" is guilty of a felony. Here, the record reveals that someone broke into the Honda either the night of March 20 or the early morning of March 21. Later that same morning, Sinclair was driving a Jeep that contained the items stolen from the Honda, and Sinclair's "[u]nexplained recent possession of [the] stolen goods supports an inference that [he] committed the theft."[3] When Sinclair took the stand, he did not attempt to explain his actions, but simply

---

[3] (Punctuation omitted.) *Brown v. State*, 236 Ga. App. 478, 480 (1) (512 SE2d 369) (1999).

denied either driving the Jeep or having had anything to do with breaking into the Honda. The jury evidently disbelieved Sinclair's protestation of innocence, which is the jury's prerogative.[4]

Additionally, the record reveals that Sinclair attempted to flee when confronted by police, which the jury was authorized to believe constituted circumstantial evidence of guilt.[5] The jury was not required to believe Sinclair's testimony that he was unaware that Schwartz was a police officer and that, by struggling with Schwartz, he was merely trying to "defend" himself from attack.[6] Under these circumstances, the jury was authorized to resolve conflicts in the evidence against Sinclair and conclude that he was responsible for stealing the items from the Honda.[7]

2. Sinclair further argues that his conviction was based solely upon circumstantial evidence that failed to exclude every other reasonable hypothesis except his guilt. "A jury is not required to exclude *every* hypothesis other than guilt; it must consider only every other *reasonable* hypothesis."[8] Thus, this jury was not required to accept, as reasonable, Sinclair's hypothesis that Schwartz "in his haste . . . lost sight of the individual actually driving the stolen [Jeep] and mistakenly fixed upon [Sinclair] innocently using the telephone next to the parking lot."

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED FEBRUARY 19, 2001.

*William D. Phillips*, for appellant.
*Charles H. Weston, District Attorney*, for appellee.

[4] See *Oakes v. State*, 233 Ga. App. 684, 685-686 (1) (505 SE2d 33) (1998).
[5] *Agony v. State*, 226 Ga. App. 330, 331 (2) (486 SE2d 625) (1997).
[6] See id.
[7] See *Williams v. State*, 228 Ga. App. 622 (1) (492 SE2d 290) (1997).
[8] (Emphasis in original.) *Oakes*, supra at 686 (2).