## A06A1574. BROWN v. THE STATE.
### (636 SE2d 717)

MIKELL, Judge.

Marvin Brown a/k/a Melvin Reese was convicted of theft by shoplifting and, based on his five prior shoplifting convictions, was sentenced as a recidivist to serve eight years in prison. On appeal, Brown argues only that his conviction should be reversed because the state violated the reciprocal discovery requirements of the Georgia Criminal Procedure Discovery Act, OCGA § 17-16-1 et seq., by failing to disclose before trial two reports concerning the crime prepared by the store security guard and signed by Brown. Because Brown conceded at trial that the state did not act in bad faith and, further, because he failed to request a continuance, we find no error in the trial court's denial of his motion to exclude the documents.

Where, as here, the defendant opts in to reciprocal discovery, the prosecutor is required to disclose, no later than ten days prior to trial, "any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody, or control of the state or prosecution."[1] The record in the case at bar shows that during jury selection, the prosecutor handed defense counsel the security guard's incident report, which had been supplied to the prosecutor moments

---

[1] OCGA § 17-16-4 (a) (1).

earlier. Defense counsel had received the police report, but he indicated that the incident report contained significant differences. Most importantly, the bottom of the security guard's report stated as follows: "I admit to the theft of merchandise from ___[.] I make this admission voluntarily, and have been promised nothing in return." Brown signed the form. Defense counsel expressly accepted the prosecutor's representation that he had just received the report. Counsel, however, moved for its exclusion on the basis that it should have been produced to him before trial. Counsel argued that, because the report had been in the possession of a state's witness prior to trial, this was tantamount to being in the state's possession for the purposes of reciprocal discovery. The state countered that the report was made by a private citizen and was not turned over to law enforcement. The prosecutor stated that he had asked the security guard the week before trial whether any videotapes of the shoplifting incident existed, and was told that there were none. On the morning of trial, the prosecutor instructed his investigator to tell the guard to come to court at 1:00 p.m. and bring any business records with him, and he brought the incident report. Following the prosecutor's argument, the trial court denied defense counsel's motion to exclude the report. Defense counsel requested a recess to speak with Brown, which was granted. Counsel did not request a continuance.

After the recess, defense counsel informed the court that the prosecutor had just given him a second document, captioned "Notice of Demand For Civil Damages," which stated that Brown had been detained for theft of merchandise, that the merchant could recover civil monetary damages therefor, and that the payment of such damages would not preclude the possibility of a separate criminal prosecution relative to the incident. Brown signed this document as well. Defense counsel moved to exclude the document. The court, although concerned about the "notion of fair play," remarked that Brown was aware of what he had signed, and deemed it admissible. Defense counsel requested a short recess, which was granted, and then announced "[w]e are ready to go forward with the trial."

Thereafter, the security guard, who was the sole witness at trial, testified that he had been so employed at the Marshalls Perimeter store for ten years; that on June 26, 2003, he observed Brown enter the shoe department; that Brown appeared nervous and looked at the ceiling as though locating security cameras; that the guard thereafter kept Brown under constant surveillance; and that Brown took three pairs of Nike shoes from the shoe rack, snapped off the Electronic Article Surveillance tags with his hands, and concealed the shoes in a shopping bag. The guard, who was dressed in plain clothing, followed Brown out the store, identified himself as a loss prevention employee, and demanded the merchandise. According to the guard,

Brown initially said, "What merchandise?" The guard replied, "the three pairs of shoes." Brown then said, "Man, I'm sorry," and he gave the guard the bag with the shoes. The guard, who did not carry a gun, escorted Brown back to the loss prevention office and filled out a report and a demand form, both of which Brown signed, as well as an evidence sheet listing the items taken and their value — $114.97. The guard testified that when Brown signed the incident report, he was very cooperative, admitted stealing the shoes, and was sorry for doing so. The guard summoned the police, who arrived about 20 minutes later.

On appeal, Brown alleges that the trial court abused its discretion by refusing to exclude the incident report and the demand form. We disagree.

When the state fails to comply with reciprocal discovery requirements, the trial court may, pursuant to OCGA § 17-16-6, "order the state to permit the discovery or inspection, . . . grant a continuance, or, upon a showing of prejudice and bad faith, prohibit the state from introducing the evidence not disclosed." "OCGA § 17-16-6 gives the trial court broad discretion in fashioning remedies for violations of OCGA § 17-16-4."[2] "Excluding evidence is a harsh sanction and should be imposed only when there is a showing of prejudice to the defense and bad faith by the [s]tate."[3] Here, bad faith has not been shown. The prosecutor explained that he had requested videotapes from the security guard before trial, was told none existed, and, on the morning of trial, had an investigator instruct the witness to bring any business records to trial. The prosecutor also stated that his office has an open file policy, and he would have given the documents to the defense if he had received them sooner. Further, defense counsel accepted the prosecutor's representations that he had only just received the incident report and demand form at the beginning of trial. In addition, when the trial court remarked that defense counsel conceded that the state's failure to produce the documents prior to trial was unintentional, defense counsel did not argue otherwise. Thus, pretermitting whether, as Brown contends, the state had a duty to acquire and produce the incident report and demand form ten days before trial pursuant to OCGA § 17-16-4,[4] Brown has not shown that the prosecutor acted in bad faith by failing to do so.[5] Finally, "a

---

[2] *Rollinson v. State*, 276 Ga. App. 375, 378 (1) (b) (623 SE2d 211) (2005).

[3] (Punctuation and footnote omitted.) *Fairbanks v. State*, 242 Ga. App. 830, 832 (2) (531 SE2d 381) (2000).

[4] See, e.g., *State v. Dickerson*, 273 Ga. 408, 410 (1) (542 SE2d 487) (2001) (OCGA § 17-16-8 (a) imposes affirmative duty on producing party to attempt to acquire information not within its possession).

[5] See, e.g., *Glenn v. State*, 278 Ga. 291, 296 (5) (602 SE2d 577) (2004) (no evidence

defendant is obliged to request a continuance to cure any prejudice which may have resulted from the [s]tate's failure to comply with the requirements of the reciprocal discovery act."[6] Having announced ready for trial, Brown cannot now argue that the trial court abused its discretion in failing to order the "extreme remedy" of exclusion of the evidence.[7]

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 13, 2006.

*Gerard B. Kleinrock*, for appellant.

*Gwendolyn Keyes Fleming*, District Attorney, *Leonora Grant*, Assistant District Attorney, for appellee.

---

contradicted trial court's finding that Georgia Bureau of Investigation audiotape was not hidden in bad faith); *Fairbanks*, supra (bad faith not shown where prosecutor learned of incriminating evidence on the day before jury selection).

[6] (Citation omitted.) *Hayes v. State*, 249 Ga. App. 857, 863 (4) (549 SE2d 813) (2001). Accord *Dickerson*, supra at 411 (2).

[7] *Rollinson*, supra; see also *Dickerson*, supra.