## A90A0738. FUNDERBURK v. THE STATE.
(393 SE2d 727)

BIRDSONG, Judge.

Appellant, Ricky Paul Funderburk, appeals his judgment of conviction and sentence for burglary.

The victim's home was burglarized and certain blank checks stolen. Appellant cashed two of these checks within hours of the burglary. Appellant testified that he had been at the victim's house the day of the incident, because a third party had shown him the checks and appellant had obtained possession of the checks to return them to the victim.

Appellant's grandmother testified that she was in the car while

appellant was at the victim's home; that appellant went towards the victim's house; that appellant was gone for eight to twelve minutes; that she did not know whether appellant entered the victim's house or not; and that appellant said he had not seen the victim but had observed the victim's car in the yard.

Appellant had previously been employed by the victim, and knew the layout of the house and was familiar with the vicinity where the checkbook was kept.

Appellant made two pretrial statements which conflicted with his trial testimony regarding how he had come into possession of the checks. *Held*:

1. Appellant asserts that the trial court erred in holding, at the *Jackson-Denno* hearing, that appellant's two pretrial statements were voluntarily made. We disagree.

"A trial court's findings as to factual determinations and credibility relating to the admissibility of [an appellant's pretrial statement] will be upheld on appeal unless clearly erroneous." *Terry v. State*, 259 Ga. 165 (2) (377 SE2d 837). Examining all relevant evidence contained in the record (*Stapleton v. State*, 235 Ga. 513 (1) (220 SE2d 269)), we are satisfied the trial court's ruling was not clearly erroneous.

2. On appeal the evidence must be viewed in a light most favorable to the verdict, and appellant is no longer shielded by a presumption of innocence. *Watts v. State*, 186 Ga. App. 358 (1) (366 SE2d 849); *Lance v. State*, 191 Ga. App. 701 (2) (382 SE2d 726). An appellate court does not weigh the evidence or judge witness credibility, rather it determines evidence sufficiency. *Smith v. State*, 192 Ga. App. 768 (1) (386 SE2d 530).

"[A]lthough the evidence of recent, unexplained [or unsatisfactorily explained] possession of stolen goods may be sufficient to give rise to an inference that the defendant committed the burglary, the sufficiency of the evidence to support the conviction must still be adjudged by the *totality* of the evidence under the *reasonable-doubt* standard applied in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560)." (Emphasis supplied.) *Williams v. State*, 252 Ga. 7, 9 (310 SE2d 528). "Once it is shown that goods were stolen in a burglary, absence of or unsatisfactory explanation of the possession of the goods will support a conviction for burglary based upon recent possession of the stolen goods. [Cits.] Whether a defendant's explanation of possession is satisfactory is a question for the jury [cits.]; so is lack of explanation. What constitutes recent possession is in all cases a jury question, to be determined very largely from the character and nature of the stolen property." *Collins v. State*, 176 Ga. App. 634, 636 (337 SE2d 415). In the case sub judice, "[t]he verdict reflects the jury's dissatisfaction with [appellant's] explanation. . . ." *Jackson v.*

*State*, 159 Ga. App. 287, 288 (1) (283 SE2d 353).

To support the verdict, circumstantial evidence must only exclude reasonable hypotheses; it need not exclude every inference or hypothesis except that of the defendant's guilt. *Smith v. State*, 257 Ga. 381, 382 (359 SE2d 662). Viewing the evidence of this case in a light most favorable to the verdict, we conclude that the jury rationally could have found that it excluded every reasonable hypothesis except that of the defendant's guilt. Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of burglary as convicted. *Jackson v. Virginia*, supra. See generally *Hurston v. State*, 189 Ga. App. 748 (1) (377 SE2d 519).

3. Appellant asserts that the trial court erred in denying his motion for directed verdict. We disagree. In this case, the evidence is in conflict within the meaning of *Taylor v. State*, 252 Ga. 125 (1) (312 SE2d 311), and the posture of the evidence of record does not demand a verdict of acquittal as a matter of law. Id.; OCGA § 17-9-1 (see Division 2, above).

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED APRIL 24, 1990.

*Joseph W. Jones, Jr.*, for appellant.

*William G. Hamrick, Jr.*, District Attorney, *Agnes T. McCabe*, Assistant District Attorney, for appellee.