A97A2173. HANSON v. THE STATE.
(493 SE2d 605)

McMURRAY, Presiding Judge.

Defendant was charged in an indictment with one count of burglary, and one count of theft by receiving stolen property. The evidence adduced at his jury trial revealed that Riley Jordan owned a scrap yard on highway 41 South in Tift County, Georgia. Riley Jordan has known defendant since they attended the first grade together. Defendant used to "bring [in] a lot of scrap metal. . . ." On June 7, 1996, Riley Jordan went to his establishment "about 1:00 [a.m.] and [he left] the money for the next day. . . ." Riley Jordan "came back by in about an hour and . . . noticed someone had taken the air conditioner back and gone through and knocked the water cooler over." "[T]hey had gone through the wall after they took the air conditioner out. And everything was just strewn." Fifty to one hundred dollars in change was missing, as well as some tools. "[L]ater that afternoon, [Riley Jordan] receive[d] a phone call . . . from [Randy Hogan,] the boy up the street that runs the tire shop." Defendant "walked up to [Randy Hogan's] shop with a plastic-looking, white bag and wanted to sell some tools. . . . And the little air gauge had Riley's name on it so [Randy Hogan] gave [defendant] $10 for the tools[, and then] called Riley and told him [he] had his tools at [his] shop." As a result, Riley Jordan "went up and got some of [his] things back." Defendant was pointed out to Riley Jordan as the seller.

Riley Jordan chased defendant, who fled on sight. Riley Jordan "finally caught up to [defendant and] . . . asked [defendant] would he get in the car . . . and [defendant] didn't. And [defendant] was drinking and he came down the side of [Riley Jordan's] face and clawed a really bad place like that, bad cut."

Larry McBrayer, then of the Tift County Sheriff's Office, investigated the burglary. In a custodial statement, defendant admitted "he had been drinking pretty heavily for [the] past three or four days and on the night [in question,] he was intoxicated to the point that he didn't really remember that much about what he had done." He told

Deputy McBrayer he "remembered going into some woods near Big Jim's Store, which was probably a quarter mile or so north of Riley's Used Parts, and apparently passed out in the woods and that when he woke up the next day, he found a sack of tools on the ground." Defendant "took the sack of tools to Southside Used Parts and sold them there for $10."

The trial court instructed the jury that if it found the defendant guilty beyond a reasonable doubt, it would not be authorized to find the defendant guilty of both charges. The jury found defendant guilty of burglary. His motion for new trial was denied and this appeal followed. *Held*:

1. Defendant enumerates the general grounds.

" '(A)lthough the evidence of recent, unexplained (or unsatisfactorily explained) possession of stolen goods may be sufficient to give rise to an inference that the defendant committed the burglary, the sufficiency of the evidence to support the conviction must still be adjudged by the totality of the evidence under the reasonable doubt standard applied in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).' (Emphasis [omitted].) *Williams v. State*, 252 Ga. 7, 9 (310 SE2d 528). 'Once it is shown that goods were stolen in a burglary, absence of or unsatisfactory explanation of the possession of the goods will support a conviction for burglary based upon recent possession of the stolen goods. (Cits.) Whether a defendant's explanation of possession is satisfactory is a question for the jury (cits.); so is lack of explanation. What constitutes recent possession is in all cases a jury question, to be determined very largely from the character and nature of the stolen property.' *Collins v. State*, 176 Ga. App. 634, 636 (337 SE2d 415). In the case sub judice, '(t)he verdict reflects the jury's dissatisfaction with ([defendant's]) explanation. . . .' *Jackson v. State*, 159 Ga. App. 287, 288 (1) (283 SE2d 353)." *Funderburk v. State*, 195 Ga. App. 441, 442 (2) (393 SE2d 727). The evidence of defendant's recent unexplained possession of stolen tools is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307, supra, to authorize the jury's verdict that defendant is guilty, beyond a reasonable doubt, of burglary as alleged in the indictment.

2. In his custodial statement, defendant "stated that he really wouldn't be surprised to find out what he had done." When Deputy McBrayer related this before the jury, defendant moved for a mistrial on the ground that he had not been given this portion of his custodial statement in discovery. Rather, the "statement that was served on [defense counsel] in this regard reads, . . . Mr. Hanson said that he does not remember much of what he had done." The trial court denied the motion but instructed the jurors to "completely wipe that from your mind[s] and disregard that testimony." The denial of defendant's renewed motion for mistrial is enumerated as error.

"The prosecuting attorney shall, no later than ten days prior to trial, or at such time as the court orders, disclose to the defendant and make available for inspection, copying, or photographing any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody, or control of the state or prosecution and that portion of any written record containing the substance of any relevant oral statement made by the defendant, whether before or after arrest, in response to interrogation by any person then known to the defendant to be a law enforcement officer or member of the prosecuting attorney's staff." OCGA § 17-16-4 (a) (1).

"The trial court correctly instructed the jury to disregard the offending portion of [Deputy McBrayer's] testimony. OCGA § 17-[16-4 (a) (1)] was applicable since the statement made by [defendant as related by Deputy McBrayer] was given while [defendant] was in police custody." *McKenzie v. State*, 187 Ga. App. 840, 847 (11), 848 (371 SE2d 869). Nevertheless, denial of defendant's motion for mistrial was not erroneous. The trial court's curative instructions were tantamount to excluding defendant's inculpatory statement from evidence. *McKenzie v. State*, 187 Ga. App. 840, 847 (11), 848, supra (applying former OCGA § 17-7-210).

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED NOVEMBER 5, 1997.

*Lon P. Kemeness*, for appellant.
*C. Paul Bowden, District Attorney, Nancy G. Grigg, Assistant District Attorney*, for appellee.