A98A1060. ROMINES v. THE STATE.
(505 SE2d 530)

SMITH, Judge.

Edward Romines was charged with one count of burglary and three counts of entering an automobile. He was acquitted of one count of entering an automobile and convicted of the remaining counts. His motion for new trial was denied, and he appeals. We find no error and affirm.

1. Romines contends the evidence was insufficient to convict him of burglary. Construed to support the verdict, the evidence showed that during the early morning hours of June 11, 1994, the home of Edward and Nancy Gray was burglarized and a VCR taken. Mrs. Gray testified that she awoke around 4:10 a.m. As she walked through her house, she saw that her VCR was missing and noticed an odor of gasoline inside the house. She also found her front door ajar. When she looked outside, she saw that the dome light inside her car was on. She found the automobile's gas tank open, the glove compartment "ripped apart," and ten dollars missing from the car. A pouch containing documents including Mrs. Gray's insurance cards was also taken from the car. Mr. Gray also testified, stating that he awoke that night to the sound of a truck with a loud muffler and someone running through his house. He, too, noticed the smell of gasoline, and the gas cap on his car was removed as well. He stated that whoever entered his home did not have permission to be there.

On that same morning around 5:30 a.m., Robin Arthur heard a noise outside his home, looked out a window, and noticed a man inside his car. Arthur then walked outside and began wrestling with this man, who ran away. Immediately after the man ran away, Arthur discovered Romines asleep inside a truck in his driveway. Although Arthur could not positively identify the man he observed inside his car, he did state that Romines was not that individual. The police were summoned to Arthur's house, where they discovered the Grays' VCR in the back of the truck. Romines appeared to be "asleep or pretending to be asleep" inside the cab of the truck when they arrived. Officers smelled alcohol and gasoline on Romines's person and noticed that his pants legs were wet up to his knees as if he had been walking in wet grass. Romines testified, stating that he was intoxicated on the night of June 11, 1994 and remembered little other than being sick that night. He did not remember going to either Arthur's or the Grays' home. He offered no explanation for the stolen

property in the truck.

"Although the evidence of recent, unexplained or unsatisfactorily explained possession of stolen goods may be sufficient to give rise to an inference that the defendant committed the burglary, the sufficiency of the evidence to support the conviction must still be adjudged by the totality of the evidence under the reasonable doubt standard applied in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)]." (Citation, punctuation and emphasis omitted.) *Funderburk v. State*, 195 Ga. App. 441, 442 (2) (393 SE2d 727) (1990). And "[w]hether a defendant's explanation of possession is satisfactory is a question for the jury; so is lack of explanation. What constitutes recent possession is in all cases a jury question." (Citations and punctuation omitted.) Id. See also *Hanson v. State*, 229 Ga. App. 205, 206 (1) (493 SE2d 605) (1997).

In addition to the inference created by Romines's recent unexplained possession of property stolen from the Grays' home, other circumstantial evidence of his guilt was presented. The Grays both testified that they noticed an odor of gasoline inside their home, and Romines smelled of gasoline when police officers discovered him. Also, Mr. Gray testified that the vehicle that awoke him had a loud muffler, and Romines admitted that the muffler on the truck he was driving was loud and needed repair. "To support the verdict, circumstantial evidence must only exclude reasonable hypotheses; it need not exclude every inference or hypothesis except that of the defendant's guilt." *Funderburk*, supra at 443 (2). The trial court properly charged the jury on circumstantial evidence, and viewing this evidence in a light most favorable to the verdict, we conclude that a rational trier of fact could have found that the evidence excluded every reasonable hypothesis except that of Romines's guilt. See *Funderburk*, supra; *Hanson*, supra.

2. Romines testified that he was intoxicated on June 11 and did not remember giving a statement. The trial court found from a preponderance of the evidence that he had been advised of his *Miranda* rights, was coherent, understood his rights, voluntarily waived those rights by signing the waiver, and gave his statement freely and voluntarily. Romines contends the admission of this statement was error.

The detective who took the statement, Anthony Peters, testified during the *Jackson-Denno* hearing that he talked with Romines about eight hours after he was arrested and advised Romines of his *Miranda* rights. According to Peters, he offered no kind of hope or benefit to Romines if he signed the waiver form. Peters stated that Romines signed the form, did not appear to be intoxicated, and seemed to understand his rights. He even asked Romines to read a portion of the *Miranda* waiver form so that he could be sure that

Romines could indeed read.

"'A trial court's findings as to factual determinations and credibility relating to the admissibility of an appellant's pretrial statement will be upheld on appeal unless clearly erroneous.' [Cit.]" *Funderburk*, supra at 442 (1). Because we cannot say that the trial court as factfinder and judge of witness credibility clearly erred in accepting Peters's account of the circumstances surrounding Romines's statement, we conclude that the trial court did not err in admitting that statement. *Jones v. State*, 226 Ga. App. 619, 622 (5) (487 SE2d 371) (1997).

*Judgment affirmed. Johnson, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 7, 1998.

*Weems & House, Brian M. House*, for appellant.

*Herbert E. Franklin, Jr., District Attorney, Elizabeth A. Overcamp, Assistant District Attorney*, for appellee.

