## A98A2024. MANIS v. THE STATE.
(510 SE2d 584)

fcp]POPE, Presiding Judge.

Johnny Manis appeals from his burglary conviction. He challenges the sufficiency of the evidence and the court's finding that he voluntarily gave a written statement to the police. The challenges are without merit, and we affirm the conviction.

1. "On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. [Cit.]" *Martin v. State,* 228 Ga. App. 59, 60 (1) (491 SE2d 142) (1997).

Viewed in the light most favorable to support the verdict, the evidence shows that on August 12, 1996, Reba Carter was gone from her home for about 90 minutes while she took her daughter to high school cheerleading practice. When Carter returned home, she found that her front door had been broken and various items, including jewelry, had been stolen from the home.

Three days later, another of Carter's daughters saw Manis and his girlfriend, Karen Maddox, at a nearby hospital. Maddox was wearing a ring and carrying a bag stolen from Carter's home and Manis was also wearing a stolen ring. Carter's daughter called the police. A detective arrived at the hospital, asked Manis about the stolen rings and bag, and read Manis his *Miranda*[1] rights. Manis said he understood his rights and agreed to help the detective recover property stolen from Carter's home.

Manis took the detective to a pawn shop where Manis had pawned several pieces of stolen jewelry. Manis then led the detective to Manis' parents' house, his brother-in-law's house and Maddox's grandparents' house. In all three houses the detective recovered property stolen from Carter. Thereafter, the detective took Manis to the detective's office and again read him his rights. Manis signed a waiver form indicating he understood his rights and was willing to discuss the case. Manis then wrote a statement, admitting that he had broken into Carter's house and stolen various items.

In his defense, Manis testified that he wrote the confession because he was coerced by the detective. He also presented evidence showing that he had not burglarized the home, but had only bought the stolen items from a friend.

"Once it is shown that goods were stolen in a burglary, absence of or unsatisfactory explanation of the possession of the goods will

---

[1] *Miranda v. Arizona,* 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

support a conviction for burglary based upon recent possession of the stolen goods. Whether a defendant's explanation of possession is satisfactory is a question for the jury; so is lack of explanation. . . . In the case sub judice, the verdict reflects the jury's dissatisfaction with defendant's explanation." (Citations and punctuation omitted.) *Hanson v. State*, 229 Ga. App. 205, 206 (1) (493 SE2d 605) (1997).

Viewed in favor of the verdict, there is sufficient evidence from which a rational trier of fact could have found Manis guilty beyond a reasonable doubt of burglary. Accordingly, the jury's verdict must be upheld. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Toney v. State*, 225 Ga. App. 228 (483 SE2d 627) (1997).

2. Contrary to Manis' argument, the court did not err in finding that his written statement was voluntary. At the *Jackson-Denno*[2] hearing, the detective testified that he read Manis his *Miranda* rights at the hospital and at the detective's office. Manis appeared to understand his rights, did not appear to be under the influence of alcohol or drugs, signed the written waiver of his rights and then wrote his statement. The detective further testified that he did not threaten Manis or promise him anything. Manis did not deny that he signed the waiver of rights or wrote his statement, but claimed that the detective threatened to arrest Maddox and to put Manis' children in the county's custody unless Manis gave the statement.

Based on this conflicting evidence, we must affirm the court's finding that Manis' statement was voluntary. "On appellate review, factual and credibility determinations by the trial court must be accepted unless such determinations are clearly erroneous. We find as a matter of fact and law that the trial court's determination of voluntariness and admissibility, although based upon conflicting evidence, was supported by a preponderance of the evidence." (Citations and punctuation omitted.) *Denney v. State*, 170 Ga. App. 692, 693 (1) (318 SE2d 85) (1984). Accordingly, the court did not err in admitting the statement into evidence. See *Larry v. State*, 266 Ga. 284, 285-286 (2) (466 SE2d 850) (1996); *Moore v. State*, 207 Ga. App. 802 (430 SE2d 115) (1993).

*Judgment affirmed. Beasley and Ruffin, JJ., concur.*

DECIDED DECEMBER 16, 1998.

*Michael A. Corbin*, for appellant.

---

[2] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

*Kermit N. McManus, District Attorney, Dixon A. Lackey III, Assistant District Attorney*, for appellee.