## A99A1433. BROWN v. THE STATE.

(521 SE2d 454)

Johnson, Chief Judge.

Larry Brown was convicted of burglary, driving under the influence of alcohol and driving without insurance. He appeals, challenging only the sufficiency of evidence supporting the burglary conviction. The challenge is without merit.

On appeal the evidence is viewed in the light most favorable to the verdict, the appellant is no longer presumed innocent, and the appellate court determines evidence sufficiency and does not weigh evidence or determine witness credibility. *Martin v. State*, 228 Ga. App. 59, 60 (1) (491 SE2d 142) (1997).

Construed in favor of the verdict, the evidence shows that the burglary victim was driving a tractor near his house when he saw a car drive behind the house and park for approximately five minutes. The victim became suspicious, drove the tractor to the house and blocked the car in the driveway. A man, later identified as Brown, ran out from the carport and told the victim he was looking for someone else's house and was in a hurry. The victim pulled the tractor out of the car's path and allowed Brown to leave.

The victim then went through the back door of the house, which had been opened, and noticed that three rifles and a television set were missing. He contacted the police and got a friend to help him chase after Brown's car in the friend's truck. They eventually caught up with Brown's car and stopped it. They forced Brown to open his car trunk, where they found the rifles, television set and other items stolen from the victim's house. The police then arrived and arrested Brown.

Brown claimed at trial that another man had committed the burglary. Brown testified that while he was stopped by the side of the road a man with a gun stole his car; that he jogged after his stolen car and eventually saw it parked at the burglary victim's house; that he went up to the car and saw the man who had stolen his car run out of the house; that he then encountered the victim, who allowed him to leave; and that he did not know the stolen items were in his car trunk when he drove away from the house.

Once it is shown that goods were stolen in a burglary, absence of or unsatisfactory explanation of the possession of the goods will support a conviction for burglary based upon recent possession of the stolen goods. Whether a defendant's explanation of possession is satisfactory is a question for the jury; so is lack of explanation.

(Citation and punctuation omitted.) *Manis v. State*, 235 Ga. App. 789-790 (1) (510 SE2d 584) (1998).

Based on all the evidence in the instant case, the jury was authorized to find Brown's explanation of his possession of the stolen property to be unsatisfactory and to conclude beyond a reasonable doubt that he is guilty of burglary. See *Romines v. State*, 233 Ga. App. 790-791 (1) (505 SE2d 530) (1998). The burglary conviction is therefore upheld. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Grabowski v. State*, 234 Ga. App. 222-224 (1) (507 SE2d 472) (1998).

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED AUGUST 5, 1999.

*Robert J. Pinnero*, for appellant.

*J. Brown Moseley, District Attorney, Anthony E. Paulsen III, Assistant District Attorney*, for appellee.