A02A0146. IN THE INTEREST OF A. L., a child.
(564 SE2d 823)

ELDRIDGE, Judge.

A. L. was accused by a Department of Juvenile Justice petition, as amended, with burglary and theft by receiving stolen property. On June 11, 2001, after an adjudicatory hearing, A. L. was adjudicated delinquent on the charge of burglary. On the same date, the trial judge dismissed the count of theft by receiving stolen property. A. L. appeals. Finding no error in the enumerations raised, we affirm.

1. A. L. contests the sufficiency of the evidence to support his adjudication of delinquency on the charge of burglary.

> In considering a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, we construe the evidence and every inference from the evidence in favor of the juvenile court's adjudication to determine if a reasonable finder of fact could have found, beyond a reasonable doubt, that the juvenile committed the acts charged.

(Citations and punctuation omitted.) *In the Interest of J. M.*, 237 Ga. App. 298 (1) (513 SE2d 742) (1999); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

When viewed in such light, the evidence shows that on November 13, 2000, the victim returned home from work to find that his home had been burglarized and that his car, a blue 1988 Lincoln Towncar, which was parked in front of his home, had been stolen. The victim testified that the lock on the front door of his home was damaged and various items from his home, including the key to the car, were stolen. Y. T. R., who lived in the victim's neighborhood, testified that shortly after the burglary, he saw A. L. driving the victim's car on two separate occasions. On the first occasion, Y. T. R. testified that A. L. stopped and offered him a ride to school. At that time, he noticed that the key was in the car's ignition because the keys were on a distinctive key ring which drew his attention to the key. Y. T. R. testified that he was familiar with the victim's car and that he knew the car A. L. was driving was the victim's because its make, color, and the Emory University tag on the front bumper made it distinctive. A. L. testified at trial. In his testimony he did not attempt to explain his actions, but simply denied being in the victim's house and taking and driving the car.

> Although the evidence of recent, unexplained or unsatisfactorily explained possession of stolen goods may be sufficient to give rise to an inference that the defendant committed the burglary, the sufficiency of the evidence to support the conviction must still be adjudged by the totality of the

evidence under the reasonable doubt standard applied in *Jackson v. Virginia*, [supra].

(Citations and punctuation omitted.) *Romines v. State*, 233 Ga. App. 790, 791 (1) (505 SE2d 530) (1998).

> Once it is shown that goods were stolen in a burglary, absence of or unsatisfactory explanation of the possession of the goods will support a conviction for burglary based upon recent possession of the stolen goods. Whether a defendant's explanation of possession is satisfactory is a question for the jury; so is lack of explanation.

(Citation omitted.) *Brown v. State*, 239 Ga. App. 520, 521 (521 SE2d 454) (1999). Further, "[w]hat constitutes recent possession is in all cases a jury question, to be determined very largely from the character and nature of the stolen property." (Footnote omitted.) *Kier v. State*, 247 Ga. App. 431, 433-434 (1) (543 SE2d 801) (2000).

Viewed in favor of the verdict, there is sufficient evidence from which a rational trier of fact could have found A. L. guilty beyond a reasonable doubt of burglary. *Jackson v. Virginia*, supra. "The [juvenile court judge, as factfinder,] evidently disbelieved [A. L.'s] protestation of innocence, which is the [factfinder's] prerogative." (Footnote omitted.) *Sinclair v. State*, 248 Ga. App. 132, 134 (1) (546 SE2d 7) (2001); *Hampton v. State*, 272 Ga. 284, 285 (527 SE2d 872) (2000) (resolving evidentiary conflicts and inconsistencies and assessing witness credibility are the province of the factfinder, not this Court). Accordingly, the juvenile court judge's verdict must be upheld.

2. A. L.'s second enumeration lacks citations of authority or reasoned argument as required by Court of Appeals Rule 27 (c) (2). Therefore, such enumeration of error is deemed abandoned.

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED MAY 1, 2002.

*Michael J. Walker*, for appellant.
*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Assistant District Attorney*, for appellee.